IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| JULIO RAMON DIAZ<br>Federal Prison Camp, Pensacola<br>110 Raby Avenue<br>Pensacola, Florida 32509-5127<br>Registration Number 34765-004<br>Petitioner | § § § § § | |
| Vs. | § | Case: 1:07-cv-01671 |
| DEUG ENFORCEMENT ADMINISTRATION<br>700 army Navy Drive<br>Arlington, Virginia 22202<br>Telephone (202)-307-8000<br>Respondent | § § § § § | Assigned To : Friedman, Paul L.<br>Assign. Date : 09/21/2007<br>Description: FOIA/PRIVACY ACT |

# PETITION FOR WRIT OF MANDAMUS AND MOTION TO COMPEL

**COMES NOW THE PETITIONER:** Julio Ramon Diaz pro-se in the above styled and mentioned action who respectfully petitions and moves this Honorable Court to compel the Respondent to perform a duty owed to the Petitioner for good and equitable cause shown.

## I

## JURISDICTION OF THE COURT

Congress has enacted a Statute which permits a person to petition a Federal District Court to compel an officer or employee of the United States or any Agency thereof to perform a duty owed to that person. The district courts shall have original jurisdiction of any action in the nature of mandamus for that purpose, 28 U.S.C.§ 1361. The Drug Enforcement Administration is an Agency of the United States and the Petitioner is a citizen of the United States to whom the Respondent owes a duty to perform.

**RECEIVED**

SEP - 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

- 1 -

## I I

## <u>B A C K G R O U N D</u>

The Petitioner is a federal inmate who is serving a prison term at the Federal Prison Camp located in Pensacola, Florida. He submitted a request under the FOIA/Privacy Act (5 U.S.C.§ 552 et seq.), to the Respondent Drug Enforcement Administration on <u>December 6, 2006</u>, (Exhibit "A"). He requested information in detail in the request concerning himself, Id. The request was acknowledged by the DEA on <u>March 1, 2006</u>, (Exhibit "B"). The Petitioner heard noting further concerning the request, however, on <u>September 27, 2006</u> the U.S. Department of Justice sent a letter in which they claim that the Petitioner had attempted to appeal the decision, see Exhibit "C"). Strangely the Petitioner had not submitted any further mailing and did not attempt to appeal anything. Then in a letter dated <u>January 17, 2007</u> the Petitioner received a letter in which the DEA claimed that they "reopened" the request, Exhibit "D". On <u>March 23, 2007</u> the DEA sent another letter in which they claim to have completed their review of the records and had provided same, Exhibit "E". Strangely there were no documents enclosed with that letter. Then on <u>April 26, 2007</u> the Department of Justice sent a letter in which they informed that they acknowledged the receipt of the Petitioner's appeal of the case, Exhibit "F". Finally, on <u>June 5, 2007</u> the DOJ sent a letter in which they inform the Petitioner that they upheld the DEA's decision in the case, Exhibit "G". This action follows. to compel the DEA/DOJ to comply with the FOIA/Privacy Act pursuant to 5 U.S.C.§ 552(a)(4)(B).

I I I

## A R G U M E N T    I N    S U P P O R T    O F    P E T I T I O N

The history of this file is bizarre to say the least. As the record supports, the DEA/DOJ provided no documents whatsoever to the petitioner in response to the FOIA/Privacy Act request. The claim that everything they had is protected by the exemptions to the Act.

Now, the Petitioner was the subject of an extensive criminal investigation by the DOJ/DEA for several years starting about 1996. The investigation covered 4 years and included a multitude of documentation much of which was not exempt under the FOIA/Privacy Act. However, not one piece of material was provided pursuant to the request.

Specifically the Petitioner wished to obtain information concerning communication to Confidential Informant Rudy Landron to be at the Petitioner's residence during the Month of July 1996. The Petitioner already knew the identity of the Confidential Informant, but wished to be informed just who directed the informant to be at his residence. The information is critical to the innocence of the Petitioner in his criminal case. That information is/was not covered by any of the exemptions of the FOIA/Privacy Act and should have been disclosed. In this case the Agency did not contend that the information was exempt, indeed, they failed to mention the information per se. Nonetheless, if the Agency withheld information the Court must determine "whether the particular **source** spoke with an understanding that the communication would remain confidential." see WILSON V DRUG ENFORCEMENT ADMIN. 414 F.Supp. 2nd 5, 14, DC-DC,

(2006)(quoting <u>UNITED STATES DEPARTMENT OF JUSTICE V LANDANO</u> 508 US 165, 172, 113 S.Ct. 2014, 124 L.Ed. 2nd 84, (1993)(emphasis in original). The nature of the crime investigated and the informant's relation to it are the most important factors in determining whether implied confidentiality exists, Id. @ 179-180. The information requested was simply based upon what instruction or information did the now-known confidential informant rely to wait in the front of the Petitioner's residence for him to arrive. Here however, the CI was obviously directed to be at the Petitioner's residence by a Law Enforcement Officer and the information sought was a copy of the DEA-6 Report of that communication even if the name of the Agent was omitted. Thus, there was no risk to the Agent's safety if the information was disclosed.

The requested information **"in toto"** should be provided to the Petitioner at this time and this Honorable Court is requested to direct the Respondent to produce that information forthwith.


I V

P R A Y E R   F O R   R E L I E F


**WHEREFORE PREMISES CONSIDERED:** the Petitioner Julio Ramon Diaz prays this Honorable Court will order the DEA to provide all the requested information under the FOIA/Privacy Act concerning the matter stated...together with any other relief the Court deems due and proper.


Respectfully Submitted

8/20/07

Julio Ramon Diaz, Pro-Se
Registration Number 34765-004
Federal Prison Camp, Pensacola
V10 Raby avenue
Pensacola, Florida 32509-5127

- 4 -

V

## C E R T I F I C A T E   O F   M A I L I N G

I, **JULIO RAMON DIAZ** **HEREBY SWEAR:** under penalty of perjury pursuant to 28 U.S.C.§ 1746(2), that a true and conformed copy of the foregoing "Motion To Compel" was placed this 31st day of August, 2007 in the special mail box of the F.P.C. Pensacola, First Class Postage prepaid, addressed to the following:

Ms. Nancy Mayer-Whittington, Clerk
United States District Court
For the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001-2802

Julio Ramon Diaz          Date
Pro-Se.

V I

## V E R I F I C A T I O N

I, **JULIO RAMON DIAZ** **HEREBY SWEAR:** under penalty of perjury pursuant to 28 U.S.C.§ 1746(2), that the statements made by me in the foregoing "Motion To Compel" are true to the best of my knowledge and belief.

Julio Ramon Diaz          Date
Pro-Se.

- 5 -

I
07-1671
PLF

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

## I (a) PLAINTIFFS

Julio Ramon Diaz

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro Se PO

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 34765-004

## DEFENDANTS

DEA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:07-cv-01671
Assigned To : Friedman, Paul L.
Assign. Date : 09/21/2007
Description: FOIA/PRIVACY ACT

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other)  OR  ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (If not administrative agency review or Privacy Act

3

<table>
<tr><td>

☐ **G.** *Habeas Corpus/*
*2255*

☐ 530 Habeas Corpus-General
☐ 510 Motion/Vacate Sentence

</td><td>

☐ **H.** *Employment*
*Discrimination*

☐ 442 Civil Rights-Employment
(criteria: race, gender/sex,
national origin,
discrimination, disability
age, religion, retaliation)

*(If pro se, select this deck)*

</td><td>

☐ **I.** *FOIA/PRIVACY*
*ACT*

☐ 895 Freedom of Information Act
☐ 890 Other Statutory Actions
(if Privacy Act)

*(If pro se, select this deck)*

</td><td>

☐ **J.** *Student Loan*

☐ 152 Recovery of Defaulted Student
Loans (excluding veterans)

</td></tr>
</table>

<table>
<tr><td>

☐ **K.** *Labor/ERISA*
*(non-employment)*

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting &
Disclosure Act
☐ 740 Labor Railway Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

</td><td>

☐ **L.** *Other Civil Rights*
*(non-employment)*

☐ 441 Voting (if not Voting Rights
Act)
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights
☐ 445 American w/Disabilities-
Employment
☐ 446 Americans w/Disabilities-
Other

</td><td>

☐ **M.** *Contract*

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment &
Enforcement of Judgment
☐ 153 Recovery of Overpayment of
Veteran's Benefits
☐ 160 Stockholder's Suits
☐ 190 Other Contracts
☐ 195 Contract Product Liability
☐ 196 Franchise

</td><td>

☐ **N.** *Three-Judge Court*

☐ 441 Civil Rights-Voting (if Voting
Rights Act)

</td></tr>
</table>

**V. ORIGIN**

☒ 1 Original
Proceeding
☐ 2 Removed
from State
Court
☐ 3 Remanded from
Appellate Court
☐ 4 Reinstated
or Reopened
☐ 5 Transferred from
another district
(specify)
☐ Multi district
Litigation
☐ 7 Appeal to
District Judge
from Mag.
Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 552 (FOIA)

**VII. REQUESTED IN**
**COMPLAINT**   CHECK IF THIS IS A CLASS   **DEMAND $**   Check YES only if demanded in complaint
☐   ACTION UNDER F.R.C.P. 23   0   **JURY DEMAND:** ☐ YES   ☒ NO

**VIII. RELATED CASE(S)**   (See instruction)
**IF ANY**   ☐ YES   ☒ NO   If yes, please complete related case form.

**DATE** 9/21/07   **SIGNATURE OF ATTORNEY OF RECORD** NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

# FREEDOM OF INFORMATION/PRIVACY ACT REQUEST

I REQUEST:   I.- ALL THE INFORMATION BEFORE AND AFTER MY ARREST
             AND Y YOU HAVE ANY EXCHANGE OR MEMOS WITH DEA OR FBI.
          II.  WHAT KIND THE JURISDICTION YOU HAVE OVER ME AFTER
             OCTOBER 31, 2005.

          FROM THE U.S. PAROLE  COMMISSION CHEVY CHASE MARYLAND

Pursuant to the provisions of the Freedom of Information and Privacy Acts to permit me

maximum access to the records within **twenty (20) working days** after receipt by you of this request,

this letter is hereby submitted pursuant to **Title 5 U.S.C. Section 552(a)(6)(A)(I), (B) & (C)**.  If any

material is deemed exempt, I request specific statements regarding the date and data deleted/withheld,

a full statement of the reason and the specifics for the same.  In addition, a list **(VAUGHN INDEX)**

(See **Vaughn v. Rosen**, 484 F.2d 820 **(D.C.Cir. 1973)** of all particulars of the documentation denied.

## DEFINITIONS AND INSTRUCTIONS

### FOR

### F.O.I.A./PRIVACY ACT REQUESTS

### ANY AND ALL INFORMATION IN YOUR FILES

1.  If any objections are made to any request contained herein, for each item or category objected to:

    a)  State the specific ground for each objection; and

    b)  Identify each document by giving its date, the name of each author (and each addresser, if

        different), the name of each addressee (and each recipient, if different), and by giving any

        other information necessary to identify such document or part thereof; and

    c)  Provide a description of the subject matter of each document or item.

2.  As used herein, **"document"** means any printed, written, recorded, transcribed, taped,

    photographic, or graphic matter, however produced or reproduced including, but not limited to:



PETITIONER'S
EXHIBIT

" A "

ALL-STATE LEGAL®

any letter, correspondence, or communication of any sort; film, print or negative of photographs; sound recordings, video recordings; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, and any amendment to the foregoing; facsimile, telex, telegram or cable; summary, report or record of telephone conversations, personal conversations, discussions, interview, meeting, conference, investigation, negotiation, act or activity; projection, work, paper, or draft; computer output or input; including e-mail; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping, press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of accounts, deposit slips, tax return (income or other) or requisition; file, study, graph, tabulation, and any and all other writings and recordings of whatever nature, whether signed or unsigned to transcribed; any and all other data compilation from which information can be obtained, translated, if necessary, by the requestor through detection devices into reasonable usable form.

3. The term "**document**" also means (a) the original and/or any identical original or copy including those with any marginal note or comment, or showing additions, deletions, or substitutions; (b) drafts; (c) attachments to or enclosure with any documents; and (d) every document referred to in any other documents.

4. As used herein "**person**" shall include any natural person, corporation, partnership, unincorporated association, government agency (any type) or any other entity.

5. The terms "**your**" or "**you**" as used herein means ))( Parole Commission, Chevy Chase, Marylan its employees, agents, officers, directors, subcontractors, attorneys, or any other person performing services or acting on its behalf, whether directly or indirectly.

## FREEDOM OF INFORMATION/PRIVACY ACT REQUEST

6. Any information (communication) as herein defined between yourself and any other agency: whether it is local, state or federal.

7. As used herein, the connective words "**and/or**" shall imply that each of the items so referenced is included and that they are mutually dependent for purposes of requiring a purpose.

8. Unless otherwise specified, all documents shall be produced for the period of  10 WORKING DAYS. including any documents having an earlier origin and in use during the specified period.

9. If there are no documents in existence that are requested in a particular paragraph of this request, your response must include an affidavit to that effect.

10. **ANY OTHER DOCUMENT WHERE THE UNDERSIGNED IS MENTIONED OR REFERENCED TO IN ANY WAY.**

My personal identification data is noted above with my current address.  I swear or affirm under penalty of perjury that the information is correct.  See **Title 28 U.S.C. Section 1746**.

Please acknowledge receipt hereof and forward the materials requested within the statutory period, as time is of the essence due to liberty interest.

Respectfully submitted this 06  day of  DECEMBER _____, 200 5

NAME: JULIO RAMON DIAZ

Number: 34765-004

FPC-Pensacola

110 Raby Avenue

Pensacola, Florida 32509

FREEDOM OF INFORMATION/PRIVACY ACT REQUEST

SWORN AND SUBSCRIBED TO ME, IN WITNESS WHEREOF, I have hereunto signed my name

and have affixed my seal this _____ day of _____, 2005

By: _____

                NOTARY SIGNITURE

My Commission expires on _____         **SEAL**



**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301)492-5821*
*Facsimile: (301)492-5525*

March 1, 2006

Mr. Julio R. Diaz
Reg. No. 34765-004
Federal Prison Camp
110 Raby Avenue
Pensacola, FL 32509-5127

Dear Mr. Diaz:

This office acknowledges the receipt of your letter dated December 6, 2006, which was received on March 1, 2006, requesting copies of records from the U.S. Parole Commission.

This office has a backlog of unfilled requests and limited personnel resources with which to process a large volume of FOIA requests. The National Capital Revitalization Act of 1997 has more than doubled the Commission's caseload as of August 5, 2000. However, Congress has continued the Commission's status as an abolished agency, and has not given the Commission the funding it expected to implement the Act in all respects. Moreover, since August 5, 2000, the Commission's FOIA caseload has significantly increased because of the unprecedented use of the FOIA, in District of Columbia Code cases, as a substitute for prehearing discovery at parole and parole revocation hearings, which is not required by the applicable parole laws and rules of the District of Columbia. The Commission has not previously experienced such an unusual volume of FOIA requests in its federal cases.

For the above reasons, the agency is now operating under exceptional circumstances as defined in 5 U.S.C. 552(a)(6)(C), and will exercise due diligence in responding to your request. Disclosure requests are processed in turn as soon as reasonably possible. We may be unable, however, to process your request within the statutory time requirement.

PETITIONER'S
EXHIBIT

" B "

In accordance with applicable fee schedules, you will be required to reimburse the United States if billable search and reproduction costs exceed $14.00. The Commission will inform you if reimbursement is required and will determine any fee waiver request at that time. In the absence of a fee waiver, you must make payment before the copies of the records you requested will be sent to you.

Any material submitted by you or your representative to the Parole Commission will not be reproduced with our response, unless you specifically request the same. Additionally, your file may contain documents that originated with the Bureau of Prisons. We do not interpret your request to include these documents as you may already have obtained them from the Bureau. If you wish to have the Bureau of Prisons documents in your parole file processed, please advise the undersigned. The Commission will then refer these documents to the Bureau of Prisons for processing and a direct response to you.

We regret any delay but assure you that your request will be processed as soon as possible. You may wish to modify the scope of your request to limit your request to only a few documents which may result in priority processing. See 28 C.F.R. 2.56(a)(1).

Sincerely,

Tarnisha Jackson
FOIA Technician

TNJ

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642

Washington, D.C. 20530

**SEP 2 7 2006**

Mr. Julio R. Diaz
Register No. 34765-004
Federal Prison Camp
110 Raby Avenue
Pensacola, FL  32509-5127

Re:   Appeal No. 06-1948
      Request No. 06-0805-P
      KDC:ALB:CL

Dear Mr. Diaz:

You attempted to appeal from the failure of the Drug Enforcement Administration (DEA) to process records that were referred to it from the United States Parole Commission in response to your request for access to records pertaining to yourself.

After carefully considering your appeal, I am affirming DEA's action on these records referred to it.  DEA advised you by letter dated June 7, 2006, that you were required to submit certification of your identity before it could process the records referred to it.  I have determined that DEA's response was correct.  See 28 C.F.R. § 16.41 (2006).

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552 (a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director



PETITIONER'S
EXHIBIT

" C "

ALL-STATE LEGAL®



**U.S. Department of Justice**

Drug Enforcement Administration

JAN 17 2007

**Case Number: 06-0805-P**

**Subject of Request: Diaz, Julio Ramon**

**Referred to DEA by: U.S. Parole Commission**

Julio Ramon Diaz #34765-004
Federal Prison Camp
110 Raby Avenue
Pensacola, FL 32509-5127

Dear Julio Ramon Diaz:

The Drug Enforcement Administration (DEA) has received your Certification of Identity form DOJ-361.

We have constituted your request as a "*Self/First Party*" request. Accordingly, we have reopened your request and placed it on a list of requests waiting processing. In order to expedite all requests that require retrieval, processing and duplication of documents, your request will be handled in chronological order based on the date of this letter.

Your request has been assigned the above number. Please include this number in any future correspondence to this office regarding this request.

Please be assured that your request is being handled as equitably as possible. Upon completion of the initial search and/or processing, you will be notified of all applicable fees, *and payment will be required prior to release of any records*. If there are no fees associated with the processing of your request, all documents that can be released will be made available to you at the earliest possible date.

Sincerely,

Katherine Myrick

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

PETITIONER'S
EXHIBIT

ALL-STATE LEGAL®

" D "



**U.S. Department of Justice**
Drug Enforcement Administration

---

*Case Number: 06-0805-P*

*Subject: DIAZ, JULIO RAMON*                    MAR 2 3 2007

*Referred to DEA by: U.S. PAROLE COMMISSION*

Julio Ramon Diaz
Reg. No. 34765-004
Federal Prison Camp
110 Raby Avenue
Pensacola, FL 32509

Dear Julio R. Diaz:

This letter is response to your Freedom of Information/Privacy Act (FOI/PA) letter dated December 6, 2005 to the United States Parole Commission (USPC). In processing your request, the USPC located documents which originated within the Drug Enforcement Administration (DEA). Accordingly, the USPC forwarded those documents to the DEA for processing and a direct reply to you. DEA received the above referral on March 15, 2006. The DEA has completed its review of the referred DEA documents pursuant to your FOI/PA request to the above agency.

The processing of your request identified certain materials that will be withheld pursuant to the Freedom of Information Act, 5 U.S.C. 552 and/or the Privacy Act, 5 U.S.C. 552a. Please refer to the list enclosed with this letter that identifies the authority for withholding the deleted material, which is indicated by a mark appearing in the block next to the exemption. An additional enclosure with this letter explains these exemptions in more detail.

If you wish to appeal any denial of your request, you may do so within sixty (60) days from the date of this letter pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIA Appeal":

OFFICE OF INFORMATION AND PRIVACY
UNITED STATES DEPARTMENT OF JUSTICE
NYAV BLDG., 11TH FLOOR
WASHINGTON, D.C. 20530

Sincerely,

*Katherine Myrick*

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

PETITIONER'S
EXHIBIT
" E "
ALL STATE LEGAL

Number of Pages Withheld:                          2

Number of Pages Released:                          0

Number of Pages Referred to another agency:        0


Applicable sections of the Freedom of Information and/or Privacy Act:


Freedom of Information Act                    Privacy Act
5 U.S.C. 522                                 5 U.S.C. 552a

[  ] (b)(1)    [  ] (b)(5)      [x ] (b)(7)(C)      [  ] (d)(5)    [  ] (k)(2)

[  ] (b)(2)    [  ] (b)(6)      [x ] (b)(7)(D)      [x ] (j)(2)    [  ] (k)(5)

[  ] (b)(3)    [  ] (b)(7)(A)   [  ] (b)(7)(E)      [  ] (k)(1)    [  ] (k)(6)

[  ] (b)(4)    [  ] (b)(7)(B)   [x ] (b)(7)(F)

FREEDOM OF INFORMATION ACT
SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(b)(2)  Materials related solely to the internal rules and practices of DEA.

(b)(3)  Information specifically exempted from disclosure by another federal statute.

(b)(4)  Privileged or confidential information obtained from a person, usually involving commercial or financial matters.

(b)(5)  Inter-agency or intra-agency documents which are subject to a privilege, such as documents the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction, or which represent the work product of an attorney, or which reflect confidential communications between a client and an attorney.

(b)(6)  Materials contained in sensitive records such as personnel or medical files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

(b)(7)  Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement  proceedings; (B) would deprive a person of a right to a fair trial or an impartial adjudication; (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy; (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis; and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source; (E) would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

PRIVACY ACT
SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  Materials compiled in reasonable anticipation of a civil action or proceeding.

(j)(2)  Material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals.

(k)(1)  Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(k)(2)  Material compiled during civil investigations for law enforcement purposes.

(k)(5)  Investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to an express promise that his identity would be held in confidence, or pursuant to an implied promise of confidentiality if such information was furnished prior to September 27, 1975.

(k)(6)  The substance of tests used to determine individual qualifications for appointment or promotion in Federal Government Service.



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**APR 2 6 2007**

Mr. Julio R. Diaz
Register No. 34765-004
Federal Prison Camp
110 Raby Avenue
Pensacola, FL  32509-5127

     Re:  Request No. 06-0805-P

Dear Mr. Diaz:

     This is to advise you that your administrative appeal from the action of the Drug Enforcement Administration was received by this Office on April 19, 2007.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **07-1261**.  Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

                Sincerely,

                Priscilla Jones
                Supervisory Administrative Specialist

PETITIONER'S
EXHIBIT
ALL STATE LEGAL
" f "





**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642

Washington, D.C. 20530

JUN - 5 2007

Mr. Julio R. Diaz
Register No. 34765-004
Federal Prison Camp
110 Raby Avenue
Pensacola, FL  32509-5127

Re:    Appeal No. 07-1261
       Request No. 06-0805-P
       JTR:SRO

Dear Mr. Diaz:

    You appealed from the action of the Drug Enforcement Administration (DEA) on two pages of records referred to it by the United States Parole Commission (USPC) in response to your request to USPC for access to records pertaining to yourself.

    After carefully considering your appeal, I am affirming DEA's action on the records referred to it.  The records responsive to your request are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2).  See 28 C.F.R. § 16.98 (2006).  Because these records are not available to you under the Privacy Act, your request has been reviewed under the Freedom of Information Act in order to afford you the greatest possible access to them.

    DEA properly withheld certain information that is protected from disclosure under the FOIA pursuant to:

    5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties;

    5 U.S.C. § 552(b)(7)(D), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to disclose the identities of confidential sources and information furnished by such sources; and

    5 U.S.C. § 552(b)(7)(F), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to endanger the life or personal safety of an individual.



PETITIONER'S
EXHIBIT

" G "

-2-

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director