UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIO RAMON DIAZ, )<br>)<br>              Petitioner, )<br>)<br>v. )<br>)<br>DRUG ENFORCEMENT ADMINISTRATION )<br>)<br>              Respondent. )<br>)<br>_____) | Civil Action No. 07-1671 (PLF) |

## ANSWER

Defendant Drug Enforcement Administration ("DEA") answers the complaint in this case as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted. Although plaintiff has referred to his claim as a writ of mandamus and motion to compel, at most, it is a claim filed pursuant to the Freedom of Information Act, 5 U.S.C. § 552a, for records he avers he has sought from the DEA.

### SECOND AFFIRMATIVE DEFENSE

The U.S. Department of Justice is the only proper party defendant in this Freedom of Information Act case. See 5 U.S.C. § 552(a)(4)(B).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust his administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Defendant responds to the numbered and unnumbered paragraphs of plaintiff's Complaint as set forth below:

Preliminary Statement. Plaintiff's introductory statement is a characterization of his law suit against DEA, to which no answer is required. To the extent an answer is required, deny that records were improperly withheld from the plaintiff.

I

JURISDICTION OF THE COURT

The first two sentences of this jurisdictional statement are conclusions of law, to which no responses are required. To the extent that responses are required, deny. Third sentence: Deny that DEA is an agency of the United States. Admit only that DEA is a component of the Department of Justice, an agency of the United States.

II.

BACKGROUND

Admit first sentence. With regard to the remainder of plaintiff's background statement, defendant states as follows: Deny that the plaintiff submitted a Freedom of Information Act request to DEA by letter dated December 6, 2006. Admit that by letter dated December 6, 2005, the plaintiff submitted a Freedom of Information Act to the Office of United States Parole Commission ("USPC"). The request letter is the best evidence of the fact. Admit that the plaintiff requested information about himself from USPC. Deny that DEA responded to the plaintiff's request by letter dated March 1, 2006. Admit that by letter dated September 27, 2006, the Department of Justice, Office of Information and Privacy ("OIP") responded to the plaintiff's appeal by affirming DEA's requirement of certification of identity. The letter is the best evidence of the fact. Deny that the plaintiff had not submitted an appeal to OIP. By letter dated April 12, 2006, the plaintiff appealed the lack of response from DEA regarding the referral from

USPC. The appeal letter is the best evidence of the fact. Admit that by letter dated January 17, 2007, DEA informed the plaintiff that it was reopening his request since it had received his Certification of Identity. Admit that by letter dated March 23, 2007, DEA informed the plaintiff that it had completed its review of the referred documents, and was withholding the documents pursuant to several FOIA and Privacy Act exemptions. Deny that DEA stated that documents were provided with the letter. The letter is the best evidence of the fact. Admit that by letter dated April 26, 2007, OIP acknowledged the plaintiff's appeal. The acknowledgment letter is the best evidence of the fact. Admit that by letter dated June 5, 2007, OIP affirmed DEA's FOIA response. The affirmation letter is the best evidence of the fact.

The last sentence in this paragraph is the plaintiff's characterization of his case, to which no response is required, to the extent a response is required, deny that DEA did not comply with the Freedom of Information Act.

III.

ARGUMENT IN SUPPORT OF PETITION

First paragraph: The first sentence is an opinion, to which no response is required. To the extent a response is required, deny. Deny the second sentence, except to admit that DEA provided no documents to the plaintiff in response to the referral from USPC. Third sentence: Admit that DEA is asserting FOIA exemptions to withhold the referred documents from the plaintiff. Deny that DEA improperly withheld information from the plaintiff.

Second paragraph: First and second sentences: Admit that the plaintiff has been the subject of DEA investigations. Third sentence: Admit that DEA provided no documents to the plaintiff in response to the referral from USPC. Deny that DEA improperly withheld information

from the plaintiff.

Third paragraph: Defendant is without sufficient information to admit or deny the first, second and third sentences. The fourth sentence contains conclusions of law, to which no responses are required. To the extent responses are required, deny. The remainder of this paragraph consists of conclusions of law, plaintiff's characterization of plaintiff's claim and his need for certain information concerning a confidential informant. To the extent any answer is deemed required, deny that DEA wrongfully withheld any records.

Fourth paragraph. This paragraph is a request for relief, to which no response is required. To the extent a responses is required, deny.

IV

PRAYER FOR RELIEF

The remaining paragraphs represent plaintiff's Prayer for Relief to which an answer is not required, but insofar as an answer may be required, defendant denies that plaintiff is entitled to the relief requested or to any other relief whatsoever.

Except to the extent expressly admitted or qualified above, defendant denies each and every allegation in the complaint.

WHEREFORE, Defendant prays for an order: (1) entering judgment in DEA's favor, (2) dismissing the complaint with prejudice; and (3) for such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

                    /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


                    /s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served by First-Class Mail, postage prepaid to:

JULIO RAMON DIAZ
# 34765-004
Federal Prison Camp, Pensacola
110 Raby Avenue
Pensacola, Florida 32509-5127

on this 9th day of November, 2007.

                    /s/
               CLAIRE WHITAKER
               Assistant United States Attorney
               United States Attorneys Office
               Civil Division
               555 4th Street, N.W., Room E-4204
               Washington, D.C. 20530
               (202) 514-7137