IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
NOV 23 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| JULIO RAMON DIAZ | § | |
| Petitioner | § | |
| Vs. | § | CIVIL NO: 07-1671(PLF) |
| | § | PRO-SE |
| DRUG ENFORCEMENT ADMINISTRATION | § | |
| Respondent | § | |

## PETITIONER'S RESPONSE AND MOTION FOR SUMMARY JUDGMENT
==========================================================

**COMES NOW THE PETITIONER:** Julio Ramon Diaz pro-se in the above mentioned proceeding who respectfully submits this "Response" to the Government's Answer in this case and moves this Honorable Court for summary judgment on his behalf under Fed.R.Civ.P. 56(a)(c) for good and equitable cause shown. The Clerk is requested to set a date for this motion to be heard since the Petitioner is a federal inmate and is unable to set a judicial schedule.

I

### REBUTTAL

AS TO THE RESPONDENT'S FIRST AFFIRMATIVE DEFENSE:

The subject petition in fact states a claim upon which relief may be granted. This action is brought under 28 U.S.C.§ 1361 which provides for jurisdiction of the District Court to compel an officer

- 1 -

or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. Since the action is against the Drug Enforcement Administration which is staffed by Officers and Employees of the United States, this action is properly before the Court. Moreover, the Drug Enforcement Administration is part of the Department of Justice which is an Agency of the United States. Moreover, courts have found other divisions of the Department of Justice to be appropriate respondents within the meaning of the Freedom of Information Act, see e.g. HRYNKO V CRAWFORD 402 F. Supp. 1083, 1084, DC-ED-PA, (1975)(holding that the U.S. Board of Parole "As part of the Department of Justice, it is an agency within the reach of the provisions of the Administrative Procedures Act, 5 U.S.C.§ 551 et seq."); and RAMER V SAXBE 522 F. 2nd 695, 697, DC-CA (1975)(holding that the "Bureau of Prisons is, indeed, and 'agency' within the definition of the APA, 5 U.S.C.§ 551.").

The Respondent has cited no law that supports their position that the Drug Enforcement Administration is not an agency of the United States, therefore their argument must be rejected by the Court.

AS TO THE RESPONDENT'S SECOND AFFIRMATIVE DEFENSE:

The Respondent contends that the "U.S. Department of Justice is the only proper party defendant in this Freedom of Information Act case." (Relying on 5 U.S.C.§ 552(a)(4)(B)). The clearly established case law in the D.C. Circuit has supported the Drug Enforcement Administration as the Respondent in a FOIA/Privacy Act action, see WILSON V DRUG ENFORCEMENT ADMINISTRATION 414 Fed. Supp. 2nd 5, DC-DC, (2006). Thus the Respondent's contention to the contrary should be rejected with the conclusion that the pleading is for the purpose of delay and in bad faith.

### AS TO THE RESPONDENT'S THIRD AFFIRMATIVE DEFENSE:

The Respondent candidly sets forth that the Petitioner "failed to exhaust his administrative remedies." The record of the case belies that conclusion. The only "Administrative Remedy" available to the Petitioner under the FOIA/Privacy Act is an appeal of the decision. The Petitioner pursued and was denied an appeal of the decision, (see Original Petition Exhibit "G"). As a matter of fact, the response to the appeal sets forth that "If you are not satisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C.§ 552(a)(4)(B)." (Id. @ p-2). Therefore, the contention that the Petitioner has failed to exhaust the administrative remedies in this case should be rejected by the Court.

## II
## SUMMARY JUDGMENT

The District Courts in the District of Columbia grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c), see WILSON V DRUG ENFORCEMENT ADMINISTRATION 414 F.Supp. 2nd 5, 8, DC-CA, (2006). Moreover, the moving party has the burden of demonstrating an absence of a genuine issue of material fact, Id. citing CELOTEX CORP. V CATRETT 477 US 317, 322, 106 S.Ct. 2548, 91 L.Ed. 2nd 265, (1986). Factual assertions in the moving party's affidavits or documentary evidence to the contrary must be accepted as true unless the opposing

party submits his own affidavits or documentary evidence sufficient to rebut the pleadings, NEAL V KELLY 963 F. 2nd 453, 456, DC-CA, (1992).

In an FOIA case, the District Court may grant summary judgment based on the information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justification for the nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within claimed exceptions, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." MILITARY AUDIT PROJECT V CASEY 656 F. 2nd 724, 738, DC-CA (1981). Such affidavits are accorded a presumption of good faith which cannot be rebutted by "purely speculative claims about the existence and discoverability of other documents." SAFECARD SERVICES, INC. V SEC 926 F. 2nd 1197, 1200, DC-CA (1991)(internal citation omitted).

In this case, the Respondent has submitted an unsworn, unsupported, frivolous pleadings which fail to rebut the claims in the original petition at all. Moreover, it is long settled that arguments by opposing counsel are not evidence in the case. The evidence in the petition supports the conclusion that the Petitioner requested documents to which he is legally entitled and the Agency has failed to provide that requested information without a legally sound basis for the refusal.

In this case, the Government offered no reason to deny the FOIA/Privacy Act request other than to provide a form letter, e.g. (see Exhibit "D of original petition). Thus, the Respondent has not sufficiently justified its failure to provide the requested information. Indeed, the name of the confidential informant was not requested since that name was known to the requester. The underlying information is at question which would not place the informant in jeopardy.

### III

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED:** Julio Ramon Diaz prays this Honorable Court will grant "Summary Judgment" on his behalf in this case to the extent the Court deems due and proper...together with any other equitable relief.

Respectfully Submitted

Julio Ramon Diaz
Pro-Se.
Registration Number 34765-004
Federal Prison Camp, Pensacola
110 Raby Avenue
Pensacola, Florida 32509-5127

### IV

### CERTIFICATE OF SERVICE AND MAILING

**I, JULIO RAMON DIAZ HEREBY SWEAR:** under penalty of perjury pursuant to 28 U.S.C.§ 1746(2), that a true and conformed copy of the foregoing "Petitioner's Response And Motion For Summary Judgment" was placed this 16th day of November, 2007 in the special mail box of the F.P.C. Pensacola, First Class Postage prepaid, addressed to the following:

Ms. Nancy Mayer-Whittington, Clerk
United States district Court
For the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001-2802

Ms. Claire Whitaker, Esquire
Assistant U.S. Attorney
For the District of Columbia
Civil Division
555 4th Street, N.W. Room E-4204
Washington, D.C. 20530

Julio Ramon Diaz
Pro-Se.                                Date

- 5 -