## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JULIO RAMON DIAZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1671 (PLF) |
| | ) | |
| DRUG ENFORCEMENT ADMINISTRATION, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Department of Justice[1] by and through the United States Attorney for the District of
Columbia, respectfully moves this Court for summary judgment on the grounds that there are no
material facts in dispute and that the Department of Justice is entitled to judgment in its favor as
a matter of law. Fed. R. Civ. P. 56. In support of its motion for summary judgment the
defendant submits the declaration of Leila I. Wassom, DEA Paralegal Specialist, currently
assigned to the Office of Chief Counsel, Administrative Law Section, DEA Headquarters.

Plaintiff should take notice that any factual assertions contained in the accompanying
affidavit and other attachments in support of defendant's motion will be accepted by the Court as
true unless the plaintiff submits his own affidavit or other documentary evidence contradicting
the assertions in defendant's attachments. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992),

---

[1]Plaintiff has sued the Drug Enforcement Administration. However, the only proper
defendant under the FOIA in this case is the U.S. Department of Justice; the DEA is the
component of the Department of Justice that maintains the files at issue. 5 U.S.C. §§
552(a)(4)(B) and (f)(1). Thus, the Department of Justice should be substituted as the sole
defendant in this action.

Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JULIO RAMON DIAZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1671 (PLF) |
| | ) | |
| DRUG ENFORCEMENT ADMINISTRATION, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION**
**FOR SUMMARY JUDGMENT AND IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## I. Introduction

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

However, there was no direct request to the Drug Enforcement Administration ("DEA") for

records.  Plaintiff apparently seeks review of a two-page referral from the U.S. Parole

Commission to the DEA. See R. 1 at Exhibits 4 and 6.  In an abundance of caution,  the DEA

reviewed its FOIA requests from plaintiff.  See Declaration of Leila I. Wassom, DEA Paralegal

Specialist, currently assigned to the Office of Chief Counsel, Administrative Law Section, DEA

Headquarters, ¶¶ 13-15.  This review found that no direct request was made to the DEA for the

records sought from the U.S. Parole Commission. Id. at ¶ 15.  The records sought were "all the

information before and after his arrest and any exchanges or memos with DEA or FBI . . ." See

R. 1 at Exhibit 2.   As discussed below, defendant is entitled to summary judgment because

plaintiff failed to file a FOIA request with the DEA for the records he sought from the Parole

Commission and, with regard to the two-page referral from the Parole Commission to the DEA,

no responsive records were unlawfully withheld.

## II. <u>Factual and Procedural Background</u>

On or about March 2006, the DEA received a referral of records concerning plaintiff from the United States Parole Commission consisting of two pages. <u>See</u> Wassom Declaration at ¶ 17 and Exhibit A, thereto. That referral was designated as DEA FOIA Request No. 06-0805-P. <u>Id</u>. The letter was not forwarded as a request upon which any action other than processing the referred two pages was required. <u>Id</u>.

By letter dated April 26, 2006, the plaintiff appealed the lack of response from DEA regarding the referral from USPC to the Department of Justice, Office of Information and Privacy (OIP). Wassom Declaration at ¶ 25 and Exhibit B, thereto. OIP acknowledged the appeal by letter dated May 12, 2006, and assigned it appeal number 06-1948. Wassom Declaration at ¶ 26 and Exhibit C, thereto.

By letter dated June 7, 2006, addressed to FCI Petersburg, DEA informed the plaintiff that a referral from USPC had been received and had been assigned DEA FOIA request 06-0805-P. DEA apologized for the inordinate time it had taken to process the request, informing the plaintiff that DEA's FOIA requests were experiencing a backlog. DEA informed the plaintiff that before it could begin processing his request, it would be necessary for him to file a DOJ Certificate of Identity, Form 361. Wassom Declaration at ¶ 27. A copy of the DEA letter dated June 7, 2006, is attached to the Wassom Declaration as Exhibit D. The June 7, 2006, letter was returned to DEA. <u>Id</u>. at n. 3.

It appears that plaintiff appealed the DOJ Certification of Identity requirement as OIP affirmed DEA's action of requiring certification of identity on September 27, 2006. <u>See</u> Wassom Declaration at ¶ 28 and Exhibit E, thereto.

By letter dated January 17, 2007, DEA acknowledged receipt of the plaintiff's completed DOJ Form 361, informed the plaintiff that his request had been assigned DEA FOIA Request Number 06-0805-P, and that it would be handled in chronological order based on the date of the letter. Wassom Declaration at ¶ 29 and Exhibit F, thereto.

By letter dated March 23, 2007, DEA withheld the two (2) pages in their entirety pursuant to FOIA exemptions (b)(7)(C), (b)(7)(D), and (b)(7)(F), and Privacy Act exemption (j)(2). Wassom Declaration at ¶ 30 and Exhibit G, thereto.

By letter dated April 6, 2007, the plaintiff appealed DEA's withholding of information to OIP. Wassom Declaration at ¶ 31 and Exhibit H, thereto. The OIP affirmed DEA's action on June 5, 2007, stating that DEA properly withheld information pursuant to FOIA exemptions (b)(7)(C), (b)(7)(D), and (b)(7)(F). Wassom Declaration at ¶ 33 and Exhibit J, thereto.

The justifications for application of each exemption appear in the Argument section below.

## III. <u>ARGUMENT</u>

A. <u>Standard of Review.</u>

Summary judgment may be granted if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In <u>Celotex Corp. v. Catrett</u> , 477 U.S. 317, 327 (1986), the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Summary judgment is the procedural vehicle by which nearly all FOIA cases are

resolved.  See Cooper Cameron Corp. v. Dep't. of Labor, 238 F.3d 539, 543 (5th Cir. 2002).

Summary judgment is available to a defendant in a FOIA case if the agency proves that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester.  Miller v. Department of State, 779 F.2d 1378, 1382 (8th Cir.1985), citing Weisberg v. Department of Justice, 705 F.2d 1344, 1350 (D.C. Cir.1983).  To discharge its FOIA obligations, the agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." Goland v. CIA, 607 F.2d 339, 352  (D.C. Cir.1978), cert. denied, 445 U.S. 927 (1980), quoting National Cable Television Ass'n. Inc. v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973).  The agency may sustain its burden by submitting detailed affidavits that identify the documents at issue and explain why they fall under the claimed exemptions.  See Summers v. Dept. of Justice, 140 F.3d 1077, 1080 (D.C. Cir. 1998); Miller v. United States Dep't of State, 779 F.2d at 1382.

Agencies establish that all of their obligations under the FOIA have been met through declarations.  Thus, when the pleadings, supplemented by affidavits or declarations, show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant.  Perry v. Block, 684 F.2d 121 (D.C. Cir. 1982).

The Declaration of Leila I. Wassom submitted in support of this motion describes the efforts made to locate a direct request for documents at issue in this case. Wassom Declaration at ¶¶ 9, 13-15.  Ms. Wassom also explained the rationale behind the withholding of information in the two-page referral from the U.S. Parole Commission. Id. at ¶¶ 12-18, 41-45.

4

B.  To the Extent that Plaintiff Seeks More than Review of the DEA's
Determination With Regard to the Two-Page Referral from the Parole
Commission, he has Failed to Exhaust his Administrative Remedies.

To the extent that plaintiff seeks review of more than DEA's decision to withhold

information from the two-page referral from the U.S. Parole Commission, plaintiff has not

exhausted his administrative remedies.  As the Declaration of Leila Wassom shows, he has not

filed a FOIA request with the agency for these records.  See Wassom Decl. at ¶¶ 13-15.

It is well-established in administrative law that "no one is entitled to judicial relief for a

supposed or threatened injury until the prescribed administrative remedy has been exhausted."

McKart v. United States, 395 U.S. 185, 193 (1969).  Exhaustion of such administrative remedies

is required under the FOIA before a party can seek judicial review.  Dettmann v. United States

Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986).  A FOIA requester is deemed to have

failed to exhaust administrative remedies whenever the requester does not comply with the

administrative process set forth under the FOIA, including: (1) failure to provide the required

proof of identity, Summers v. United States Dep't of Justice, 999 F.2d 570, 572-73 (D.C. Cir.

1993); (2) failure to reasonably describe the records being sought, Gillin v. IRS, 980 F.2d 819,

822-23 (1st Cir. 1992); (3) failure to comply with fee requirements, Trueblood v. United States

Dep't of Treasury, 943 F.Supp. 64, 68 (D.D.C. 1996); and (4) failure to administratively appeal a

denial of information, Oglesby v. United States Dep't of the Army, 920 F.2d 57 (D.C. Cir.

1990).  Where a FOIA plaintiff attempts to obtain judicial review without first properly

undertaking full administrative exhaustion, his lawsuit is subject to immediate dismissal for lack

of subject matter jurisdiction.  Id.

5

Here, should plaintiff assert that he is entitled to judicial review of more than the DEA's determination with regard to the two-page referral from the U.S. Parole Commission, defendant moves for dismissal of this claim because Plaintiff did not first file a FOIA request for the records. As Ms. Wassom has established through her detailed declaration, the DEA has no record of any direct request from plaintiff for the information he sought in his FOIA request to the U.S. Parole Commission. Wassom Declaration at ¶¶ 13-15. However, even if he had transmitted a direct request to the DEA, it would have been unable to locate such records without more information from plaintiff See Id. at ¶¶ 7-10, 19-22. As noted by Ms. Wassom, the only FOIA request referenced by plaintiff sought records from only the U.S. Parole Commission in Chevy Chase, Maryland. Id. at ¶ 18.

   C. DEA Properly Withheld Documents Pursuant to the
      Privacy Act's Disclosure Provisions and the FOIA.

DEA properly processed the two-page referral under the FOIA.

The referred pages consisted of a two (2) page letter from the Special Agent-In-Charge of a DEA field division to the Chief Probation Officer of a U.S. Parole Commission probation office. Wassom Declaration at ¶ 36. It relates to the identity of an individual who had assisted DEA in several investigations and the possibility of the use of the individual as a coded confidential source for criminal investigative purposes, and contains factual information regarding the source and the source's history of cooperation with DEA. Id. It was created in pursuit of DEA's law enforcement responsibility which is the enforcement of the Federal drug laws including the Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §801 et seq. Id.[2]

_____

[2] The information in the referral related to the establishment of a confidential source was reasonably likely to be found in the DEA Operations Files. Id. at ¶ 37. The individual was never

The factual information regarding the activities of the individual conveyed in the letter is investigatory information that is reasonably likely to be found in Investigative Reporting and Filing System (IRFS), JUSTICE/DEA-008.  Id. at ¶ 39.  The practical means by which DEA retrieves investigative reports and information from the IRFS is through the DEA's Narcotics and Dangerous Drugs Information System (NADDIS), an index of individuals who are identified in NADDIS by their name, Social Security Number and/or date of birth.  A NADDIS query disclosed several investigative case files in which the individual about whom the letter pertains is mentioned and from which the factual information was extracted. Id. at ¶ 39.

As described below, the exemptions utilized by DEA to withhold the letter in its entirety are the Privacy Act, Exemption (j)(2), and the Freedom of Information Act, Exemptions (b)(7)(C), (b)(7)(D), and (b)(7)(F). See Id. at ¶ 40.

          1.      Records were Properly withheld under Exemption (j)(2).

DEA withheld the records based on Privacy Act Exemption (j)(2).

The Privacy Act exempts from disclosure criminal case materials created and maintained by law enforcement agencies  See 5 U.S.C. §552(j)(2).  Additionally, a law enforcement agency may exempt certain systems of records from the Privacy Act's access provisions.  5 U.S.C. § 552(k)(2).

---

established as a coded confidential source, no records are contained in and no file exists in the Operations Files related to the individual who is the subject of the letter. Id. at ¶ 38.

DEA is a component of the Department of Justice that performs as its principal function activity pertaining to the enforcement of criminal laws, specifically those activities related to the illicit trafficking in controlled substances and chemicals, including the Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 *et seq*.  See 28 C.F.R. § 0.100. Id. at ¶ 41.

The principal functions performed by DEA include police efforts to prevent, control, or reduce crime or to apprehend criminals involved in the illicit trafficking of controlled substances and chemicals.  Consistent with both PA Exemption (j)(2) and (k)(2), the records maintained in IRFS, consist of (a) information compiled for the purpose of identifying individual criminal offenders and alleged offenders, identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; and, (b) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual or (c) investigatory material compiled for law enforcement purposes, other than material within the scope of subsection (j)(2). Id. at ¶ 42.

IRFS is a Privacy Act System of Records that was last reported at 77 Fed. Reg. 3410 and last published in its entirety at 61 Fed. Reg. 54219.  In accordance with the Privacy Act, rules were promulgated, pursuant to 5 U.S.C. §552a(j)(2), to exempt records contained in IRFS from access.  *See* 28 C.F.R. §16.98(c)(3).

As Privacy Act systems of records, except when exempt, the conditions of disclosure are, in pertinent part, pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be required under the Freedom of Information Act, 5 U.S.C. § 552, or pursuant to the order of a court of competent

jurisdiction. Id. at ¶ 44.   No court order has been received and no written consent from any third-party was provided. Id. at ¶ 45.

As the foregoing illustrates, DEA falls within the exemption requirements of subsection (j)(2).  Because the responsive records were exempt from access under the Privacy Act, DEA reviewed the requests under the FOIA.

2.     The DEA Properly Applied Exemption 7(C)

The FOIA, 5 U.S.C. § 552, does not apply to matters that are:

> (7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy. . . .

This exemption protects the identities of suspects and other persons of investigatory interest who are identified in agency records in connection with law enforcement investigations.  Reporters Comm. for Freedom of the Press v. U.S. Dept of Justice, 816 F.2d 730, 780 (D.C. Cir. 1987), modified on other grounds, 831 F.2d 1124 (D.C. Cir. 1987), rev'd on other grounds, 489 U.S. 749 (1989); Computer Prof'ls for Social Responsibility v. U.S. Secret Serv., 72 F.3d 897, 904 (D.C. Cir. 1996).  Indeed, an agency in a FOIA case may categorically assert Exemption 7(C) to protect the identities of witnesses or other persons mentioned in law enforcement files in such a way as to associate them with criminal activity.  Reporters Comm. for Freedom of the Press, 489 U.S. at 780; Nation Magazine v. U.S. Customs Service, 71 F.3d 885, 893, 895-896 (D.C. Cir. 1995); SafeCard Services, Inc. v. S.E.C., 926 F.2d 1197, 1206 (D.C. Cir. 1991).

The names of law enforcement officers who work on criminal investigations have also traditionally been protected against release by Exemption 7(c).  Davis v. U.S. Dep't of Justice,

968 F.2d 1276, 1281 (D.C. Cir. 1992); Lesar v. U.S. Dept of Justice, 636 F.2d 472, 487-488

(D.C. Cir. 1980).  Similarly, individuals who provide information to law enforcement authorities,

like the law enforcement personnel themselves, have protectable privacy interests in their

anonymity.  Computer Prof'ls for Social Responsibility, 72 F.3d at 904; Farese v. U.S. Dep't of

Justice, 683 F. Supp. 273, 275 (D.D.C. 1987).  The fact that the requester might be able to figure

out the individuals' identities through other means or that their identities have been disclosed

elsewhere does not diminish their privacy interests.  Fitzgibbon v. CIA, 911 F.2d 755 (D.C. Cir.

1990); Weisberg v. Dep't of Justice, 745 F.2d 1476, 1491 (D.C. Cir. 1984).

        Once a privacy interest has been established, as here, it must be balanced against the

public interest, if there is any, that would be served by disclosure.  Albuquerque Publ'g Co. v.

Dep't of Justice, 726 F. Supp. 851, 855 (D.D.C. 1989).  The public interest in disclosure is

limited to the FOIA's "core purpose" of shed[ing] light on an agency's performance of its

statutory duties."  Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989).  This

standard is not easily satisfied when law enforcement information pertaining to individuals is

sought, for there "is no reasonably conceivable way in which the release of one individual's

name . . . would allow citizens to know 'what their government is up to.'"  Fitzgibbon v. CIA,

911 F.2d 755, 768 (D.C. Cir. 1990).  See also Albuquerque Publ'g Co., 726 F. Supp. at 855-56

(no public interest in disclosure of sensitive information DEA obtained about individuals and

their activities, where such material would not shed light on DEA's conduct with respect to the

investigation).  Furthermore, in order to overcome legitimate privacy interests, the requester

must not only demonstrate the existence of the public interest but also that the public interest is

both significant and compelling. Senate of Puerto Rico v. Dep't of Justice, 823 F.2d 574, 588

(D.C. Cir. 1987); <u>Stone v. FBI</u>, 727 F. Supp. 662, 667-69 (D.D.C. 1990).

Here, the DEA asserted Exemption (b)(7)(C) to protect the identities of DEA Special

Agents and other law enforcement officers. Wassom Declaration at ¶ 48.   Releasing their

identities and information pertaining to these individuals would place the special agents and

other law enforcement officers in a position that they may suffer undue invasions of privacy,

harassment and humiliation from disclosure of their identities in the context of a criminal law

enforcement action. <u>Id</u>.

> As Ms. Wassom explains:
>
> DEA Special Agents are assigned to handle tasks relating to the official investigation into the criminal activities of individuals and are in positions of access to information regarding official law enforcement investigations.  The release of their identities would place the special agents in a position that they may suffer undue invasions of privacy, harassment and humiliation from disclosure of their identities in the context of a criminal law enforcement investigatory file and they could become targets of harassing inquiries for unauthorized access to information pertaining to DEA enforcement actions.

<u>Id</u>. at ¶ 49.  She also notes that "[i]n making the determination to release or withhold this

information, the individuals' privacy interests were balanced against any discernible public

interest in disclosure of the individuals' identities." <u>Id</u>. at ¶ 50.

In this instance, the plaintiff provided no facts to show any public interest for which any

potential public interest would outweigh the privacy interests of the individuals.  Thus,

disclosure of the identities would be an unwarranted invasion of their personal privacy. <u>Id</u>.

As further explained by Ms. Wassom, "[i]n asserting this exemption, each piece of

information was examined to determine the degree and nature of the privacy interest of any

individual whose name and/or identifying data appeared in the documents at issue. <u>Id</u>. at ¶ 51.

The public interest in disclosure of the information was determined by whether the information

in question would inform the plaintiff or the general public about DEA's performance of its mission to enforce Federal criminal statutes and the Controlled Substance Act, and/or how DEA conducts its internal operations and investigations.  In this case, it was determined that there was no legitimate public interest in the information withheld under exemption (b)(7)C.  Id.

The other law enforcement officers are in positions in which they have access to information regarding official law enforcement actions.  Id. at ¶ 52.  If their identities are released, they could become targets of harassing inquiries for unauthorized access to information pertaining to ongoing and closed investigations and probation matters.  Also, release of their identities would constitute an unwarranted invasion of their personal privacy.  There is no public interest to be served by releasing the identities of the government employees. Id.

3.    DEA Properly Applied Exemption 7(D)

Title 5, United States Code,  § 552 (b)(7)(D) (hereinafter Exemption (7)(D)), exempts from disclosure material that:

> could reasonably be expected to disclose the identity of a confidential source including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source.

Exemption (7)(D) recognizes that information furnished by third parties cooperating with Federal, state or local law enforcement investigations is, by its very nature confidential. Significantly, the statute affords protection from disclosure to all the information furnished by third-party sources, as well as the actual identity of the cooperating individual, if there has been an explicit assurance of confidentiality or circumstances exist from which such an assurance

12

could reasonably be inferred. <u>U.S. Dep't of Justice v. Landano</u>, 508 U.S. 165 (1993). This exemption recognizes the distinct likelihood that the identity of a source may often be determined from an analysis of the information furnished by the source himself.

Here, Exemption (b)(7)(D) was employed to withhold the two-page letter in its entirety that contained information that would disclose the identity of a confidential source. Wassom Declaration at ¶ 53. Because the query of the DEA Operations Files indicated that the individual identified in the records was never established as a coded confidential source, express confidentiality is not claimed as the basis for withholding information. <u>Id</u>. at ¶ 54. Under certain conditions, when it cannot be ascertained that a source was found to have been expressly made a promise of confidentiality, certain circumstances characteristically may support an inference of confidentiality, such as the character of the crime being investigated, and the source's relation to the nature of the crime. <u>Id</u>. at ¶ 55. Based upon the facts contained in the letter, confidentiality could be implied. <u>Id</u>. at ¶ 54.

Ms. Wassom explains that "[t]he source mentioned in the letter was convicted of conspiracy and trafficking in cocaine, and assisted DEA by providing information about the criminal activities of other individuals." <u>Id</u>. at ¶ 56. As she notes, it is reasonable to infer that those who provided information about the plaintiff would fear for their safety, "since violence is inherent in the illicit substances such as methamphetamine, if their identities or the information they provided was revealed." <u>Id</u>. In addition, " release of the name of the sources could jeopardize DEA operations, since their cooperation and that of other similarly situated individuals could be needed in future criminal investigations." <u>Id</u>.

As an agency charged with law enforcement authority, DEA relied on the (b)(7)(D)

exemption to withhold the identity of the confidential source and the information the source

provided. Id. at ¶ 57.   "Because of the nature of DEA's criminal investigations, any information

that could identify the confidential source could subject him or her to serious harm, substantial

repercussions, and possibly even death." Id.

### 4.      DEA Properly Applied Exemption (b)(7)(F)

Exemption (b)(7)(F) (hereinafter Exemption 7 (F)) protects from mandatory disclosure

information compiled for law enforcement purposes if disclosure would reasonably be expected

to endanger the life or physical safety of any individual.  5 U.S.C. § 552 (b)(7)(F).  Courts have

consistently upheld the application of this exemption to protect information identifying law

enforcement officers, and special agents who are especially likely to be in contact with violent

suspects.  Maroscia v. Levi, 569 F.2d 1000, 1002 (7th Cir. 1977); Albuquerque Publ'g Co., 726

F. Supp. 851, 858 (D.D.C. 1989); Docal v. Bennsinger, 543 F. Supp. 38, 48 (M.D. Pa. 1981);

Nunez v. DEA, 497 F. Supp. 209, 212 (S.D.N.Y. 1980).  Although this Exemption applies to

information that is also subject to the protection of Exemption 7(C), supra, there is no balancing

required with the use of Exemption 7(F); indeed, it is difficult to imagine any public interest that

could outweigh the safety of an individual.

Here, the FBI applied Exemption 7(F) to protect the names of  DEA Special Agents and

Supervisory Special Agents in accordance with 5 U.S.C. § 552 (b)(7)(F). Id at ¶ 58.   Ms.

Wassom explains that DEA Special Agents and Supervisory Special Agents are frequently called

upon to conduct a wide variety of investigations, including sensitive and dangerous undercover

operations.  Id. at ¶ 59.  Moreover,

> [s]pecial agents routinely approach and associate with violators in a covert
> capacity.  Many of those violators are armed and many have known violent

> tendencies. It has been the experience of DEA that the release of Special Agents'
> identities has, in the past, resulted in several instances of physical attacks, threats,
> harassment and attempted murder of undercover and other DEA Special Agents.

Id. If the names of Special Agents were released pursuant to the Freedom of Information Act,

DEA would be releasing this data to the public realm. Id. at ¶ 60. As Ms. Wassom further

explains,

> DEA considers it to be within the public interest not to disclose the identity of
> Special Agents so that they may effectively pursue their undercover and
> investigatory assignments. These assignments are a necessary element in support
> of DEA's objective -- the suppression of the illicit traffic of narcotic and
> dangerous drugs. Public disclosure of the identities of investigatory and other
> personnel, as well as confidential sources of information, would have a
> detrimental effect on the successful operation of DEA, as well as risk harassment
> and danger to its agents, other law enforcement personnel, and confidential
> sources of information.

Id. This information was also withheld pursuant to Exemption (b)(7)(c). Id.

The exemption was also used in this case to protect the individual mentioned who could

be potential witnesses and provided information in investigations into the illicit trafficking in

cocaine. Id. at ¶ 61. It was used in conjunction with Exemption (b)(7)(D) where confidentiality

was asserted. "Given the history of violence associated with the illicit trade in cocaine that the

release of the names of source of information could jeopardize their health and/or safety."

5.    Segregability.

The FOIA requires that if a record contains information that is exempt from disclosure, any

"reasonably segregable" information must be disclosed after deletion of the exempt information

unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. §

552(b); Mead Data Cent., Inc. v. United States Dept. of the Air Force, 566 F.2d 242, 260 (D.C.

Cir. 1977). The Court of Appeals for the District of Columbia Circuit has held that a District

15

Court considering a FOIA action has "an affirmative duty to consider the segregability issue <u>sua sponte</u>." <u>Trans-Pacific Policing Agreement v. United States Customs Service</u>, 177 F.3d 1022, 1028 (D.C. Cir. 1999). In this case, the DEA explained the efforts it made to segregate information for release to plaintiff. Wassom Declaration at ¶¶ 62-64. Even plaintiff's name was inextricably intertwined with information that would disclose information related to and provided by a confidential source. <u>Id</u>. at ¶ 64. As explained by Ms. Wassom, after redacting all the withholdable information, only incomprehensible words and phases would remain that would not shed any light on how the Government conducts business. Thus, the letter was withheld in its entirety pursuant to FOIA exemptions (b)(7)(C), (b)(7)(D), and (b)(7)(F).

D. <u>Plaintiff's Motion for Summary Judgment Should be Denied.</u>

Plaintiff has captioned his filing at issue here "Petitioner's Response and Motion for Summary Judgment." R. 11 & 12. However, it is nothing more than a complaint about the content of defendant's answer and a bare allegation that the agency has improperly withheld records from him. It sheds no light on his claim and what material facts are at issue. It contains no separate concise statement of material facts in dispute. It presents no arguments for summary judgment. It consists solely of plaintiff's views that defendant DEA is the proper party and that he has stated a claim for relief. Plaintiff's Response and Motion at pp. 1-2. He urges the Court to grant him summary judgment because defendant has submitted an answer that is "unsworn, unsupported, [and a] frivolous pleading[s] which fail[s] to rebut the claims in the original petition at all." <u>Id</u>. at p. 4. Apparently, plaintiff has confused the requirements of a party in answering and the mandate for summary judgment of Fed. R. Civ. P. 56. Accordingly, defendant requests that his "motion" be denied.

16

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar  #498610
United States Attorney

_____/s/_____
RUDOLPH.CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

17

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JULIO RAMON DIAZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1671 (PLF) |
| | ) | |
| DRUG ENFORCEMENT ADMINISTRATION, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1. On or about March 2006, the DEA received a referral of records concerning plaintiff from the United States Parole Commission consisting of two pages. See Wassom Declaration at ¶ 17 and Exhibit A, thereto. That referral was designated as DEA FOIA Request No. 06-0805-P. Id.

2. The aforementioned letter was not forwarded as a request upon which any action other than processing the referred two pages was required. Id.

3. By letter dated January 17, 2007, DEA acknowledged receipt of the plaintiff's completed DOJ Form 361 (Certificate of Identity), informed the plaintiff that his request had been assigned DEA FOIA Request Number 06-0805-P, and indicated that the request would be handled in chronological order based on the date of the letter. Wassom Declaration at ¶ 29 and Exhibit F, thereto.

4. By letter dated March 23, 2007, DEA withheld the two (2) pages in their entirety pursuant to FOIA exemptions (b)(7)(C), (b)(7)(D), and (b)(7)(F), and Privacy Act exemption (j)(2). Wassom Declaration at ¶¶ 30, 41-48 and Exhibit G, thereto.

5. By letter dated April 6, 2007, the plaintiff appealed DEA's withholding of information

to OIP.  Wassom Declaration at ¶ 31 and Exhibit H, thereto.  The OIP affirmed DEA's action on

June 5, 2007, stating that DEA properly withheld information pursuant to FOIA exemptions

(b)(7)(C), (b)(7)(D), and (b)(7)(F). Wassom Declaration at ¶¶ 33 and Exhibit J, thereto.

Respectfully submitted,

        /s/
JEFFREY A. TAYLOR, D.C. Bar  #498610
United States Attorney

        /s/
RUDOLPH.CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

        /s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion, order and supporting documentation

was served by First-Class Mail, postage prepaid to:

JULIO RAMON DIAZ
# 34765-004
Federal Prison Camp, Pensacola
110 Raby Avenue
Pensacola, Florida 32509-5127

on this 21st day of December, 2007.

_____/s/_____
CLAIRE WHITAKER
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA


JULIO RAMON DIAZ                            )
                                           )
                    Plaintiff              )
                                           )
          v.                               )
                                           )   Civil Action No. 07-1671 (PLF)
DRUG ENFORCEMENT ADMINISTRATION,           )
                                           )
                                           )
                    Defendants.            )
_____    )


**DECLARATION OF LEILA I. WASSOM**


1.  I am a Drug Enforcement Administration (DEA) Paralegal Specialist, currently assigned to

the Office of Chief Counsel, Administrative Law Section (CCA),  DEA Headquarters,

Washington, D.C.  From August 1991 to June 2005,  I was assigned to the Freedom of

Information and Records Management Section,  DEA Headquarters.


2.  I review, for litigation purposes, both the initially processed and appealed Freedom of

Information Act (FOIA) and Privacy Act (PA) requests received by DEA.  I have performed

these duties at DEA since 1991.


3.  My duties require that I am familiar with the policies and practices of DEA regarding the

processing and release of information requested under the FOIA/PA, and the application of the

FOIA/PA and exemptions for which I have received formal and on the job training.

4. In preparing this declaration, I have read and am familiar with the complaint, in the above entitled action, and the records maintained by the DEA Freedom of Information Operations Unit (SARO).

5. SARO is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA. I am familiar with the policies, practices and procedures employed by SARO that relate to the search for, and the processing and release of information responsive to FOI/PA requests received by the DEA.

## NO RECORD OF RECEIPT OF A DIRECT REQUEST FROM THE PLAINTIFF

6. Despite the plaintiff's claim in his *Petition for Writ of Mandamus and Motion to Compel* dated August 20, 2007, in the second sentence of the first paragraph of the "Background," DEA has no record of a direct request from the plaintiff.

7. The DOJ Agency Rules, 28 C.F.R. § 16.3(a), provide, in part, that a FOIA request "should be sent to the component's central FOIA office at the address listed in appendix I of part 16," or "to the FOIA/PA Mail Referral Unit"of the Department of Justice, if the requester cannot determine where in DOJ to send the request.

8. Appendix I, cited in 28 C.F.R. § 16.3(a), identifies the appropriate address for DEA FOIA requests as "Drug Enforcement Administration, U.S. Department of Justice, Washington, D.C.

20537-0001." The address is the one at which the DEA Freedom of Information Operations Unit (SARO) receives mail.

9. As the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA, SARO uses a computer-based system to record the receipt of and track FOI/PA requests, referrals or consultations received by DEA. Each request, referral and consultation received is entered into the system once it is reviewed. For each request, referral and/or consultation received, DEA enters, into the EFOIA database, the name of a requester, the assigned request number, and as appropriate the requester's date of birth and Social Security Number.

10. A request for information related to an individual requires the social security number and date of birth to identify records in most DEA Privacy Act record systems. Information about a requester, including the DEA FOIA case number, is retrieved by entering the name of a requester. The result will be a positive or negative response from the system.

11. When there is a positive response, the system will list all DEA FOIA case numbers that relate to the requester in the *Matching Cases* box. If the case has been appealed to the Department of Justice, Office of Information and Privacy, an "X" will appear by the *Appeal Opened* date box.

12. When there is a negative response, no information will appear to indicate a matching case, matching requesters and/or appeal opened.

13. I queried the EFOIA database on October 24, 2007, entering the plaintiff's first and last name in the designated name field. The query resulted in the identification of several FOIA request file numbers in which the plaintiff was the requester. The FOIA request numbers are as follows:

     a. DEA FOIA Request No. 88-1106-P;

     b. DEA FOIA Request No. 96-0053-P;

     c. DEA FOIA Request No. 03-1173-P;

     d. DEA FOIA Request No. 04-1113-P; and,

     e. DEA FOIA Request No. 06-0805-P.

14. Except for DEA FOIA Request No. 88-1106-P and DEA FOIA Request No. 96-0053-P[1], I reviewed the files and the correspondence, and compared the requests contained in each file with the request attached to the Plaintiff's complaint as Exhibit "A."

15. None of the DEA FOIA request files contain a direct request from the requester. Thus, DEA has no record of the receipt of a direct request from the plaintiff for which he bases this complaint.

---

[1]The FOIA request files were destroyed at the time of my review in accordance with the approved retention period of 6 years.

16.  DEA FOIA Request No. 03-1173-P and DEA FOIA Request No. 06-0805-P are referrals

from the Executive Office for the United States Attorneys and the United States Parole

Commission, respectively.  DEA FOIA Request No. 04-1113-P is a consultation from the

Department of Justice, Criminal Division.


17.  Contained in DEA FOIA Request No. 06-0805-P, which is the referral from the United

States Parole Commission, is a copy of the letter attached to the plaintiff's complaint as Exhibit

"A."  The letter was received by DEA as an attachment to the referral letter received from the

U.S. Parole Commission.  The letter was attached, by the U.S. Parole Commission, as a reference

to assist DEA in making release determinations regarding the referred pages.  The letter was not

forwarded as a request upon which any action other than processing the referred two (2) pages

was required.


18.  An examination of the letter of the letter indicates that the request was sent to the U.S.

Parole Commission not DEA.  In the "Definitions and Instructions" section of his request at

Paragraph 5, he states that the "your" and "you" relates to the U.S. Parole Commission, Chevy

Chase, Maryland."  Thus, in light of his request for "[a]ll the information before and after my

arrest and y [sic] you have" clearly indicates that the request was to the U.S. Parole Commission

not DEA.  *See* Plaintiff's Exhibit A.


19.  Although the plaintiff claims in his *Petition for Writ of Mandamus and Motion to Compel*

dated August 20, 2007, in the third sentence of the first paragraph of the "Background" that he

"requested information in detail" the request was for "any exchange or memos with DEA or

FBI." Even if sent as a request for action, the plaintiff's letter was insufficient to locate any

records responsive to his request and would be deemed deficient.


20.  Under the Department of Justice (DOJ) rules, a requester "must describe the records [being

sought] in enough detail to enable department personnel to locate them with a reasonable amount

of effort," and, when possible, the request should include specific information about each record

sought such as the date, title or name, author, recipient and subject matter of the record. *See* 28

C.F.R. §§ 16.3 and 16.41 (b).  Specific information about the record(s) is required since, under

the FOIA, an agency is not required to conduct research, answer questions, or create records to

satisfy a FOIA request.


21.  The plaintiff's request fails to provide sufficient information that would allow DEA to

identify any records that the plaintiff seeks, a system of records in which the information would

be maintained, or a date or time period that any correspondence, memoranda, and other types of

communications may have occurred.  DEA does not maintain dossier type files and no single

category of files exists that could contain responsive records.


22.  Since the plaintiff does not specify any particular office, if responsive records exist, they

could be maintained in any number of 500 DEA Headquarters offices or field activities.

Moreover, with no specificity as to time, which the plaintiff only relates to as "before and after

[his] arrest," any search would be overly burdensome.  Further, the plaintiff did not provide any

specifics whatsoever regarding his "arrest." To determine the arrest would require research or clairvoyance.

23. With regard to the portion of the plaintiff's request for "[w]hat kind of jurisdiction you have over me after October 31, 2005", it is essentially a question. As mentioned above, an agency is not required to answer questions to satisfy a FOIA request.

## SUMMARY OF CORRESPONDENCE AND ADMINISTRATIVE ACTION

### DEA FOIA Request No. 06-0805-P

24. By letter dated March 15, 2006, the United States Department of Justice (DOJ), United States Parole Commission (USPC) forwarded two (2) pages to DEA for processing and a direct response to the plaintiff[2]. A copy of the USPC letter dated March 15, 2006, is attached as Exhibit A.

25. By letter dated April 26, 2006, the plaintiff appealed the lack of response from DEA regarding the referral from USPC to the Department of Justice, Office of Information and Privacy (OIP). A copy of the plaintiff's letter dated April 26, 2006, is attached as Exhibit B.

---

[2] A copy of the plaintiff's request to USPC, listing the plaintiff's address as Federal Prison Camp (FPC), Pensacola, Florida, was attached to the USPC letter. However, the USPC letter incorrectly indicated that the plaintiff's address was Federal Correctional Institution (FCI) Petersburg, Virginia.

26.  By letter dated May 12, 2006, OIP acknowledged the plaintiff's appeal, assigning it appeal number 06-1948.  OIP informed the plaintiff that the appeal would be handled in approximate order of receipt.  A copy of the OIP letter dated May 12, 2006, is attached as Exhibit C.

27.  By letter dated June 7, 2006, addressed to FCI Petersburg, [3] DEA informed the plaintiff that a referral from USPC had been received and had been assigned DEA FOIA request 06-0805-P. DEA apologized for the inordinate time it had taken to process the request, informing the plaintiff that DEA's FOIA requests were experiencing a backlog.  DEA informed the plaintiff that before it could begin processing his request, it would be necessary for him a DOJ Certificate of Identity, Form 361.  A copy of the DEA letter dated June 7, 2006, is attached as Exhibit D.

28.  By letter dated September 27, 2006, OIP affirmed DEA's action of requiring certification of identity.  A copy of the OIP letter dated September 27, 2006, is attached as Exhibit E.

29.  By letter dated January 17, 2007, DEA acknowledged receipt of the plaintiff's completed DOJ Form 361, informed the plaintiff that his request had been assigned DEA FOIA Request Number 06-0805-P, and that it would be handled in chronological order based on the date of the letter.  A copy of the DEA letter dated January 17, 2007, is attached as Exhibit F.

---

[3]The letter was subsequently returned to DEA by the United States Post Office.  DEA subsequently accessed the United States Bureau of Prisons (BOP) Inmate Locator system and obtained the correct address.

30. By letter dated March 23, 2007, DEA withheld the two (2) pages in their entirety pursuant to FOIA exemptions (b)(7)(C), (b)(7)(D), and (b)(7)(F), and Privacy Act exemption (j)(2). A copy of the DEA letter dated March 23, 2007, is attached as Exhibit G.

31. By letter dated April 6, 2007, the plaintiff appealed DEA's withholding of information to OIP. A copy of the plaintiff's letter dated April 6, 2007, is attached as Exhibit H.

32. By letter dated April 26, 2007, OIP acknowledged the plaintiff's appeal, and informed him that it would be handled in the approximate order of receipt. A copy of the OIP letter dated April 26, 2007, is attached as Exhibit I.

33. By letter dated June 5, 2007, OIP affirmed DEA's action, stating that DEA properly withheld information pursuant to FOIA exemptions (b)(7)(C), (b)(7)(D), and (b)(7)(F). A copy of the OIP letter dated June 5, 2007, is attached as Exhibit J.

34. A certificate of identity was necessary to confirm the identity of the requester, since none was provided with the U.S. Parole Commission referral. The information, such as the plaintiff's social security number and date of birth, is needed to conduct queries of DEA systems that index individuals by their name or a personal identifier. The search, referred to in the DEA letter, was to attempt to locate the referred letter in DEA record systems. Locating the record would be of assistance applying the appropriate FOI/PA release determinations.

35. DEA maintains several systems of records in which the letter could be maintained, some of which are Privacy Act systems of records. The systems in which the letter could be contained and from which the factual information was extracted include investigative case files that are maintained in the DEA Investigative Reporting and Filing System ((IRFS), JUSTICE/DEA-008, files related to coded confidential sources that are maintained in the DEA Operations Files, JUSTICE/DEA-01, and other correspondence and records related to DEA operations and activities that could be maintained in the DEA Planning and Inspection Division Records, JUSTICE/DEA-010. In making release proper determinations, DEA attempted to determine the system of records in which the letter was maintained and the source of any information contained in the letter.

## DESCRIPTION OF RESPONSIVE MATERIAL

36. The referred pages comprise a two (2) page letter from the Special Agent-In-Charge of a DEA field division to the Chief Probation Officer of a U.S. Parole Commission probation office. The letter relates to the identity of an individual who had assisted DEA in several investigations and the possibility of the use the individual as a coded confidential source for criminal investigative purposes, and contains factual information regarding the source and the source's history of cooperation with DEA. The letter was created in pursuit of DEA's law enforcement responsibility which is the enforcement of the Federal drug laws including the Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §801 et seq.

37. Information related to the establishment of a confidential source was reasonably likely to be found in the DEA Operations Files. A query was conducted of the Operations File and no record exists that the individual was finally established as a confidential source.

38. Since it was determined that the individual was never established as a coded confidential source, no records are contained in and no file exists in the Operations Files related to the individual who is the subject of the letter.

39. The factual information regarding the activities of the individual conveyed in the letter is investigatory information that is reasonably likely to be found in the DEA Investigative Reporting and Filing System (IRFS) JUSTICE/DEA-008. The DEA Narcotics and Dangerous Drugs Information System (NADDIS) is the index to and the practical means by which DEA retrieves investigative reports and information from IRFS. Individuals are indexed and identified in NADDIS by their name, Social Security Number and/or date of birth. A NADDIS query disclosed several investigative case files in which the individual about whom the letter pertains is mentioned and from which the factual information was extracted.

40. Thus, the exemptions utilized by DEA to withhold the letter in its entirety are the Privacy Act, Exemption (j)(2), and the Freedom of Information Act, Exemptions (b)(7)(C), (b)(7)(D), and (b)(7)(F). Detailed discussions of the basis and jurisdiction for invoking the Freedom of Information Act exemptions for all of the withheld material, are set forth below.

## APPLICATION OF EXEMPTIONS

### Privacy Act Exemption (j)(2)

41.  DEA is a component of the Department of Justice that performs as its principal function activity pertaining to the enforcement of criminal laws, specifically those activities related to the illicit trafficking in controlled substances and chemicals, including the Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 *et seq*.  See 28 C.F.R. § 0.100.

42.  The principal functions performed by DEA include police efforts to prevent, control, or reduce crime or to apprehend criminals involved in the illicit trafficking of controlled substances and chemicals.  Consistent with both PA Exemption (j)(2) and (k)(2), the records maintained in IRFS, consist of (a) information compiled for the purpose of identifying individual criminal offenders and alleged offenders, identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; and, (b) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual or (c) investigatory material compiled for law enforcement purposes, other than material within the scope of subsection (j)(2).

43. IRFS is a Privacy Act System of Records that was last reported at 77 Fed. Reg. 3410 and last published in its entirety at 61 Fed. Reg. 54219.  In accordance with the Privacy Act, rules were

promulgated, pursuant to 5 U.S.C. §552a(j)(2), to exempt records contained in IRFS from access. *See* 28 C.F.R. §16.98(c)(3).

44. As Privacy Act systems of records, except when exempt, the conditions of disclosure are, in pertinent part, pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be required under the Freedom of Information Act, 5 U.S.C. § 552, or pursuant to the order of a court of competent jurisdiction.

45. Since no court order has been received and a written consent from any third-party was not provided by the requester, DEA withheld information pursuant to FOIA Exemptions (b)(7)(C), (b)(7)(D) and (b)(7)(F).

## RECORDS OR INFORMATION COMPILED FOR LAW ENFORCEMENT PURPOSES

### FOIA Exemption (b)(7) Threshold

46. DEA's investigative jurisdiction derives from the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801, *et seq*. (hereinafter, the Act) which authorizes DEA to enforce the Act through, for example, the investigation of incidences involving the trafficking in controlled substances, dangerous drugs and precursor chemicals and the violators who operate at interstate and international levels; seize and forfeit assets derived from, traceable to, or intended

to be used for illicit drug trafficking, cooperate with counterpart agencies abroad and to exchange information in support of drug traffic prevention and control.

47. The referred record is a criminal investigative record. The information contained in the letter was compiled during the course of criminal enforcement investigations related to the plaintiff and several third-parties.

## INVASION OF PERSONAL PRIVACY

### FOIA Exemption (b)(7)(C)

48. The FOIA, 5 U.S.C. § 552 (b)(7)(C), sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. The referred document contains the identities of DEA Special Agents and other law enforcement officers. Releasing their identities and information pertaining to these individuals would place the special agents and other law enforcement officers in a position that they may suffer undue invasions of privacy, harassment and humiliation from disclosure of their identities in the context of a criminal law enforcement action.

49. DEA Special Agents are assigned to handle tasks relating to the official investigation into the criminal activities of individuals and are in positions of access to information regarding official law enforcement investigations. The release of their identities would place the special agents in a

position that they may suffer undue invasions of privacy, harassment and humiliation from disclosure of their identities in the context of a criminal law enforcement investigatory file and they could become targets of harassing inquiries for unauthorized access to information pertaining to DEA enforcement actions

50.  In making the determination to release or withhold this information, the individuals' privacy interests were balanced against any discernible public interest in disclosure of the individuals' identities.  In this instance, the plaintiff provided no facts to show any public interest for which any potential public interest would outweigh the privacy interests of the individuals.  Thus, disclosure of the identities would be an unwarranted invasion of their personal privacy.

51.  In asserting this exemption, each piece of information was examined to determine the degree and nature of the privacy interest of any individual whose name and/or identifying data appeared in the documents at issue.  The public interest in disclosure of the information was determined by whether the information in question would inform the plaintiff or the general public about DEA's performance of its mission to enforce Federal criminal statutes and the Controlled Substance Act, and/or how DEA conducts its internal operations and investigations.  In this case, it was determined that there was no legitimate public interest in the information withheld under exemption (b)(7)C).

52.  The other law enforcement officers are in positions in which they have access to information regarding official law enforcement actions.  If their identities are released, they could become

targets of harassing inquiries for unauthorized access to information pertaining to ongoing and

closed investigations and probation matters.  Also, release of their identities would constitute an

unwarranted invasion of their personal privacy.  There is no public interest to be served by

releasing the identities of the government employees.


## CONFIDENTIAL SOURCES AND INFORMATION

### FOIA Exemption (b)(7)(D)

53.  The FOIA, 5 U.S.C. § 552 (b)(7)(D) sets forth an exemption for the information compiled

for law enforcement purposes the disclosure of which could reasonably be expected to reveal the

identity of a confidential source and/or information furnished by a confidential source.

Exemption (b)(7)(D) was employed to withhold the two-page letter in its entirety that contained

information that would disclose the identity of a confidential source.


54.  Since the query of the DEA Operations Files indicated that the individual was never

established as a coded confidential source, express confidentiality is not claimed as the basis for

withholding information.  In this case, however, based upon the facts contained in the letter,

confidentiality could be implied.


55.  When it cannot be ascertained that a source was found to have been expressly made a

promise of confidentiality, certain circumstances characteristically may support an inference of

confidentiality, such as the character of the crime being investigated, and the source's relation to

the nature of the crime.

56.  The source mentioned in the letter was convicted of conspiracy and trafficking in cocaine, and assisted DEA by providing information about the criminal activities of other individuals.  It is reasonable to infer that the individuals who provided information about the plaintiff would fear for their safety, since violence is inherent in the illicit substances such as methamphetamine, if their identities or the information they provided was revealed.  Additionally, release of the name of the sources could jeopardize DEA operations, since their cooperation and that of other similarly situated individuals could be needed in future criminal investigations.

57.  As an agency charged with law enforcement authority, DEA relied on the (b)(7)(D) exemption to withhold the identity of the confidential source and the information the source provided.  Because of the nature of DEA's criminal investigations, any information that could identify the confidential source could subject him/her to serious harm, substantial repercussions, and possibly even death.

## SAFETY OF LAW ENFORCEMENT PERSONNEL

### FOIA Exemption (b)(7)(F)

58.  The names of DEA Special Agents and Supervisory Special Agents were withheld. in accordance with 5 U.S.C. § 552 (b)(7)(F).  Exemption (b)(7)(F) sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to endanger the life or physical safety of an individual.

59. DEA Special Agents and Supervisory Special Agents are frequently called upon to conduct a

wide variety of investigations, including sensitive and dangerous undercover operations. Special

agents routinely approach and associate with violators in a covert capacity. Many of those

violators are armed and many have known violent tendencies. It has been the experience of DEA

that the release of Special Agents' identities has, in the past, resulted in several instances of

physical attacks, threats, harassment and attempted murder of undercover and other DEA Special

Agents.

60. In addition, if the names of Special Agents were released pursuant to the Freedom of

Information Act, DEA would be releasing this data to the public realm. DEA considers it to be

within the public interest not to disclose the identity of Special Agents so that they may

effectively pursue their undercover and investigatory assignments. These assignments are a

necessary element in support of DEA's objective -- the suppression of the illicit traffic of narcotic

and dangerous drugs. Public disclosure of the identities of investigatory and other personnel, as

well as confidential sources of information, would have a detrimental effect on the successful

operation of DEA, as well as risk harassment and danger to its agents, other law enforcement

personnel, and confidential sources of information. This information was also withheld pursuant

to Exemption (b)(7)(C).

61. The exemption was also used in this case to protect the individual mentioned who could be

potential witnesses and provided information in investigations into the illicit trafficking in

cocaine. The exemption was used in conjunction with Exemption (b)(7)(D) where

confidentiality was asserted.  It was concluded that given the history of violence associated with

the illicit trade in cocaine that the release of the names of source of information could jeopardize

their health and/or safety.

## **SEGREGABILITY**

62.  All of the responsive information was examined to determine whether any reasonably

segregable information could be released.  Pages were withheld in their entirety where, based

upon the review, the release of any additional information would (1) result in the disclosure of no

useful information, or incomprehensible words and/or phrases that would not shed any light on

how the Government conducts business, (2) could result in compromising the identity of and

information provided by sources of information who because of the circumstance, implied

confidentiality was applicable, (3) would be an unwarranted invasion of personal privacy when

balanced against the public interest in the release of information gathered during the course of a

criminal investigation, and/or (4) place in jeopardy the lives and safety of third-parties which

includes sources of information, individuals associated with or mentioned in the investigative

reports, and DEA agents and other law enforcement personnel.  Reasonably segregable also

involved consideration of the time and effort that would be expended to exclude or include

information in a record or document being processed.


63.  In making the determination to redo a page or pages, consideration is given as to whether the

information which could be released will add any value in disclosing or shedding light on how

the Government conducts business.  Thus, although an additional word could be released, or the

same word is withheld in one instance and not in another, a balance is struck between the cost of re-processing the entire page and the value of the word or phrase that could be released.

64. The plaintiff's name is mentioned on the first page of the letter. However, the information regarding the plaintiff is inextricably intertwined with information that would disclose information related to and provided by a confidential source. After redacting all the withholdable information only incomprehensible words and phases would remain that would not shed any light on how the Government conducts business. Thus, the letter was withheld in its entirety pursuant to FOIA exemptions (b)(7)(C), (b)(7)(D), and (b)(7)(F).

65. The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

I declare under the penalty of perjury that the foregoing is true and correct, to the best of my information and belief.


12-21-07
DATE

Leila I. Wassom
Leila I. Wassom
Paralegal Specialist
Office of Chief Counsel
Drug Enforcement Administration
Washington, D.C.  20537

# EXHIBIT A



**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301)492-5821*
*Facsimile: (301)492-5525*

March 15, 2006

Drug Enforcement Administration
Room W-6268 LP-2
Washington, D.C.  20537
Attn:  Chief, FOI Section

**Re:**   **FOIA Request Of:**
Mr. Julio R. Diaz
Petersburg FCI-Med
1060 River Road
Hopewell, VA  23860

**Reg. No. 34765-004**

Dear Sir or Madam:

Enclosed is a copy of document(s) from the parole file of the above-referenced requester.  Because it originated with your agency, it is forwarded to your office for disclosure processing and preparation of a direct response to the requester.  A copy of the original request is attached.  The above-named has been notified of this referral.

Sincerely,

*Rockne Chickinell*

Rockne Chickinell
General Counsel
U.S. Parole Commission

Enclosures - 2 pages

2006 MAR 28  AM 7: 30
SARO
OPERATIONS UNIT

# EXHIBIT B

06-1948

DEA

FOIA APPEAL
Pensacola April 26, 2006

US DEPARTMENT OF JUSTICE
OFFICE OF INFORMATION AND PRIVACY ACT
1425 New York Ave Suite 11050
WASHINGTON D.C. 20530-0001

Dear sir.

DEA?

I am requesting an appeal review of the Goverment Component material # 06-990-R

in the above reference document that you send to me in April 12, 2006.

1. I was looking for all the information about the Drug Enforcement Agency

and the Parole Commission or the Supervised Release Agency in Miami  on the

Supervision of Mr Frank Schartz, inclusive if they give my address to Mr Rudy

Landron  or my telephone NUmber and  if the DEA did that or even the FBI.?

2. I want to know any Material in my name that was passed in my detriment

in order to find me in the area of Miami for any agency, person, CI, prosecu-

tor or any person.

3. The papers that you sent in april 12, 2006 I al ready know that, send all

that I do not know and I want to find it out, I hope that all of you once in

your life can be honest and send me all the information for more than 15  years

I been trying to find.

Sincerely,

Julio Ramon Diaz 34765-004
Federal Prison Ilamp
110 Raby Ave
Pensacola Florida 32509-5127

OFFICE OF INFORMATION
AND PRIVACY

MAY 0 8 2006

RECEIVED

FOIA APPEAL        FOIA APPEAL        FOIA APPEAL        FOIA APPEAL

# EXHIBIT C

 

**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

MAY 1 2 2006

Mr. Julio R. Diaz
Register No. 34765-004
Federal Prison Camp
110 Raby Avenue
Pensacola, FL 32509-5127

Re: Request No. 06-990-R

Dear Mr. Diaz:

This is to advise you that your administrative appeal from the action of the Drug Enforcement Administration was received by this Office on May 8, 2006.

The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **06-1948**. Please mention this number in any future correspondence to this Office regarding this matter.

We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

Sincerely,

Priscilla Jones
Chief, Administrative Staff

FOI
MAY 1 5 2006
10:46AM

DEA

# EXHIBIT D

 

**U.S. Department of Justice**
Drug Enforcement Administration

June 7, 2006

*Request Number: 06-0805-P*

*Subject of Request: DIAZ, JULIO RAMON - (U.S. PAROLE COMMISSION)*

*Referred to DEA by: USPC*

Julio Ramon Diaz #34765-004
F.C.I. Petersburg - Medium
1060 River Road
Hopewell, VA  23860

Dear Julio Ramon Diaz:

 In response to your request for documents from the above agency, the Drug Enforcement Administration (DEA) has been asked to review certain materials which originated within DEA. Your request has been assigned the above number. Please include this number in any future correspondence to this office regarding this request.

 I apologize for the inordinate amount of time it has taken to process your request. We are at this time experiencing a large backlogging of incoming FOI/PA requests that has adversely impacted our response time to the public. However, this matter has not impacted the quality of our service and our dedication to the public at large, including your request.

 Before our office can proceed with processing your request, it will be necessary for you to submit the enclosed Department of Justice (DOJ), Certificate of Identity, Form 361, to ensure that we have the necessary search criteria to conduct an adequate search for any responsive records in the DEA database.

 This letter confirms your obligation that by filing your request, you have implicitly agreed to pay all applicable fees charged under 28 C.F.R. 16.11, up to $25.00.

Page Two

No further action will be taken regarding this request, until we are in receipt of the enclosed Certificate of Identity form.  Please forward your response to the following address:

Drug Enforcement Administration
Freedom of Information Section
Washington, D.C.  20537

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

Enclosure

U.S. Department of Justice

**Certification of Identity**



*Sent To them 7/11/06*        *06-0805 P*

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    *Julio Ramon Diaz*
                              *Subject*

Current Address    *Federal Prison Camp, 110 Raby Ave*
                   *Pensacola, Florida 32509-5127.*

Date of Birth    *7/17/42*

Place of Birth    *Mantua, P. del Rio. Cuba.*

Social Security Number [2]    ▓▓▓▓▓▓▓▓▓

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [3]    *[signature]*        Date    *7/11/06*
*Brizentoff*

**Optional: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____
(Print or Type Name)

[1] Name of individual who is the subject of the record sought.

[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[3] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 1/31/99

FORM DOJ-361
FEB. 95

# EXHIBIT E





**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                *Washington, D.C. 20530*

**SEP 2 7 2006**

Mr. Julio R. Diaz
Register No. 34765-004
Federal Prison Camp              Re:    Appeal No. 06-1948
110 Raby Avenue                         **Request No. 06-0805-P**
Pensacola, FL 32509-5127                KDC:ALB:CL

Dear Mr. Diaz:

You attempted to appeal from the failure of the Drug Enforcement Administration (DEA) to process records that were referred to it from the United States Parole Commission in response to your request for access to records pertaining to yourself.

After carefully considering your appeal, I am affirming DEA's action on these records referred to it. DEA advised you by letter dated June 7, 2006, that you were required to submit certification of your identity before it could process the records referred to it. I have determined that DEA's response was correct. See 28 C.F.R. § 16.41 (2006).

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552 (a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director



# EXHIBIT F

 

**U.S. Department of Justice**
Drug Enforcement Administration

---

**Case Number: 06-0805-P**                    JAN 17 2007

**Subject of Request: Diaz, Julio Ramon**

**Referred to DEA by:  U.S. Parole Commission**

Julio Ramon Diaz #34765-004
Federal Prison Camp
110 Raby Avenue
Pensacola, FL 32509-5127

Dear Julio Ramon Diaz:

  The Drug Enforcement Administration (DEA) has received your Certification of Identity form DOJ-361.

  We have constituted your request as a "*Self/First Party*" request.  Accordingly, we have reopened your request and placed it on a list of requests waiting processing.  In order to expedite all requests that require retrieval, processing and duplication of documents, your request will be handled in chronological order based on the date of this letter.

  Your request has been assigned the above number.  Please include this number in any future correspondence to this office regarding this request.

  Please be assured that your request is being handled as equitably as possible.  Upon completion of the initial search and/or processing, you will be notified of all applicable fees, *and payment will be required prior to release of any records*.  If there are no fees associated with the processing of your request, all documents that can be released will be made available to you at the earliest possible date.

        Sincerely,

        Katherine L. Myrick
        Chief, Operations Unit
        FOI/Records Management Section

# EXHIBIT G

 

**U.S. Department of Justice**
Drug Enforcement Administration

---

*Case Number: 06-0805-P*

*Subject: DIAZ, JULIO RAMON*                    MAR 2 3 2007

*Referred to DEA by: U.S. PAROLE COMMISSION*

Julio Ramon Diaz
Reg. No. 34765-004
Federal Prison Camp
110 Raby Avenue
Pensacola, FL  32509

Dear Julio R. Diaz:

This letter is response to your Freedom of Information/Privacy Act (FOI/PA) letter dated December 6, 2005 to the United States Parole Commission (USPC).  In processing your request, the USPC located documents which originated within the Drug Enforcement Administration (DEA). Accordingly, the USPC forwarded those documents to the DEA for processing and a direct reply to you.  DEA received the above referral on March 15, 2006.  The DEA has completed its review of the referred DEA documents pursuant to your FOI/PA request to the above agency.

The processing of your request identified certain materials that will be withheld pursuant to the Freedom of Information Act, 5 U.S.C. 552 and/or the Privacy Act, 5 U.S.C. 552a.  Please refer to the list enclosed with this letter that identifies the authority for withholding the deleted material, which is indicated by a mark appearing in the block next to the exemption.  An additional enclosure with this letter explains these exemptions in more detail.

If you wish to appeal any denial of your request, you may do so within sixty (60) days from the date of this letter pursuant to 28 C.F.R. 16.9.  The appeal should be sent to the following address, with the envelope marked "FOIA Appeal":

OFFICE OF INFORMATION AND PRIVACY
UNITED STATES DEPARTMENT OF JUSTICE
NYAV BLDG., 11TH FLOOR
WASHINGTON, D.C.  20530

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

6of 72



Number of Pages Withheld:                        2

Number of Pages Released:                        0

Number of Pages Referred to another agency:      0


Applicable sections of the Freedom of Information and/or Privacy Act:

Freedom of Information Act                Privacy Act
5 U.S.C. 522                             5 U.S.C. 552a

[ ] (b)(1)   [ ] (b)(5)    [x ] (b)(7)(C)    [ ] (d)(5)   [ ] (k)(2)

[ ] (b)(2)   [ ] (b)(6)    [x ] (b)(7)(D)    [x ] (j)(2)   [ ] (k)(5)

[ ] (b)(3)   [ ] (b)(7)(A)   [ ] (b)(7)(E)   [ ] (k)(1)   [ ] (k)(6)

[ ] (b)(4)   [ ] (b)(7)(B)   [x ] (b)(7)(F)

FREEDOM OF INFORMATION ACT
SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(b)(2)  Materials related solely to the internal rules and practices of DEA.

(b)(3)  Information specifically exempted from disclosure by another federal statute.

(b)(4)  Privileged or confidential information obtained from a person, usually involving commercial or financial matters.

(b)(5)  Inter-agency or intra-agency documents which are subject to a privilege, such as documents the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction, or which represent the work product of an attorney, or which reflect confidential communications between a client and an attorney.

(b)(6)  Materials contained in sensitive records such as personnel or medical files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

(b)(7)  Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings; (B) would deprive a person of a right to a fair trial or an impartial adjudication; (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy; (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis; and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source; (E) would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

PRIVACY ACT
SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  Materials compiled in reasonable anticipation of a civil action or proceeding.

(j)(2)  Material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals.

(k)(1)  Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(k)(2)  Material compiled during civil investigations for law enforcement purposes.

(k)(5)  Investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to an express promise that his identity would be held in confidence, or pursuant to an implied promise of confidentiality if such information was furnished prior to September 27, 1975.

(k)(6)  The substance of tests used to determine individual qualifications for appointment or promotion in Federal Government Service.

# EXHIBIT H

**J U L I O   R A M O N   D I A Z**

F.P.C. Pensacola 110 Raby Avenue Pensacola Florida 32509-5127 Reg. No. 34765-004

07-1261

April 6, 2007

Office of Information and Privacy
United States Department of Justice
Nyav Building, 11th Floor
Washington, D.C. 20530

RE: FOIA/Privacy Act Request Appeal
Case No. 06-0805-P
Notice Of Appeal

Ladies/Gentlemen,

    Reference is made to the above mentioned FOIA/Privacy Act request which was made by the undersigned. By letter dated March 23, 2007 I was informed that certain information was withheld from the request. I hereby notify you that I wish to appeal that decision under 28 C.F.R. 16.9. Thank you for your continued attention to this request. I remain of course most,

Respectfully

Julio Ramon Diaz

(File)

RECEIVED
APR 2 0 2007
Office of Information and Privacy

RECEIVED
APR 1 9 2007
Office of Information and Privacy

# EXHIBIT I

 

**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

**APR 2 6 2007**

Mr. Julio R. Diaz
Register No. 34765-004
Federal Prison Camp
110 Raby Avenue
Pensacola, FL  32509-5127

　　　　Re:  Request No. 06-0805-P

Dear Mr. Diaz:

　　　　This is to advise you that your administrative appeal from the action of the Drug Enforcement Administration was received by this Office on April 19, 2007.

　　　　The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **07-1261**.  Please mention this number in any future correspondence to this Office regarding this matter.

　　　　We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　Priscilla Jones
　　　　　　　　　　　　　　　　Supervisory Administrative Specialist

# EXHIBIT J



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

JUN - 5 2007

Mr. Julio R. Diaz
Register No. 34765-004
Federal Prison Camp                    Re:    Appeal No. 07-1261
110 Raby Avenue                               Request No. 06-0805-P
Pensacola, FL 32509-5127                      JTR:SRO

Dear Mr. Diaz:

        You appealed from the action of the Drug Enforcement Administration (DEA) on two
pages of records referred to it by the United States Parole Commission (USPC) in response to
your request to USPC for access to records pertaining to yourself.

        After carefully considering your appeal, I am affirming DEA's action on the records
referred to it. The records responsive to your request are exempt from the access provision of the
Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.98 (2006). Because
these records are not available to you under the Privacy Act, your request has been reviewed
under the Freedom of Information Act in order to afford you the greatest possible access to them.

        DEA properly withheld certain information that is protected from disclosure under the
FOIA pursuant to:

        5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law
        enforcement purposes the release of which could reasonably be expected to
        constitute an unwarranted invasion of the personal privacy of third parties;

        5 U.S.C. § 552(b)(7)(D), which concerns records or information compiled for law
        enforcement purposes the release of which could reasonably be expected to
        disclose the identities of confidential sources and information furnished by such
        sources; and

        5 U.S.C. § 552(b)(7)(F), which concerns records or information compiled for law
        enforcement purposes the release of which could reasonably be expected to
        endanger the life or personal safety of an individual.

-2-

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JULIO RAMON DIAZ,                                  )
                                                   )
                             Petitioner,           )
                                                   )
             v.                                    )          Civil Action No. 07-1671 (PLF)
                                                   )
DRUG ENFORCEMENT ADMINISTRATION                    )
                                                   )
                             Respondent.           )
                                                   )
_____)

**ORDER**

        Upon consideration of the cross motions for summary judgment, the oppositions and

replies thereto, and for the reasons stated in defendant's motion and supporting documents,  it is

this _____ day of _____, 2007,

        ORDERED, that plaintiff's motion is denied, and it is

        FURTHER ORDERED, that defendant's motion is granted.  Summary judgment is

entered in defendant's behalf and this case is dismissed with prejudice.


                                                   _____
                                                   UNITED STATES DISTRICT JUDGE

Copies to:

JULIO RAMON DIAZ
# 34765-004
Federal Prison Camp, Pensacola
110 Raby Avenue
Pensacola, Florida 32509-5127

CLAIRE WHITAKER
Assistant U.S. Attorney
555 4th St., N.W. Room E-4204
Washington, D.C. 20530