UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 23 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JULIO RAMON DIAZ,

    Petitioner,

v.          Civil Action No. 07-1671 (PLF)

DRUG ENFORCEMENT
ADMINISTRATION,

    Respondent.

## MEMORANDUM OPINION

Petitioner, proceeding *pro se*, filed a petition for mandamus seeking responses from the Drug Enforcement Agency ("DEA") regarding a request for records made under the Freedom of Information Act ("FOIA"), 5 U.S.C. . §§ 552 *et seq.* The petition for mandamus will be construed as a civil action filed under the FOIA. Petitioner filed a motion for summary judgment on November 21, 2007, and the DEA filed an opposition and a cross-motion for summary judgment on December 21, 2007. By order dated January 3, 2008, petitioner was advised that a response to the DEA's motion was due February 6, 2008, and warned that failure to respond would result in the defendant's factual assertions being treated as conceded and, that if warranted, the defendant's summary judgment motion would be granted. The petitioner has not filed a response to the DEA's motion for summary judgment and has not sought additional time to do so. The Court therefore will proceed on the motions before it.

In determining a motion for summary judgment, "the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is

-2-

controverted in a statement of genuine issues filed in opposition to the motion." Local Civil Rule 7(h). The petitioner did not submit any sworn facts with his motion for summary judgment but merely set forth some propositions of law. The defendant filed a declaration setting forth facts relevant to this dispute. The Court therefore treats the defendant's uncontroverted factual assertions as admitted. Summary judgment is appropriate when there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In a FOIA action, the Court may award summary judgment solely on the information provided in affidavits or declarations that describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

The DEA has filed a sworn statement providing information that establishes that the DEA did not receive the FOIA request on which petitioner bases this complaint. (*See* Def.'s Mot. for Summ. J., Ex. 1, Decl. of Leila I. Wassom, ¶ 15.) Rather, the petitioner's FOIA request was directed to the U.S. Parole Commission. (*Id.* ¶¶ 13-18.) The DEA was involved in the subject FOIA request only with respect to two pages identified by the Parole Commission in the Parole Commission's response to petitioner's FOIA request. The Parole Commission forwarded those two pages to the DEA for processing and a direct response by the DEA to petitioner. (*Id.* ¶ 24.) The DEA determined that those two pages were exempt from FOIA disclosure under Section (7)(C) (relating to invasion of personal privacy), Section (7)(D) (relating to protecting

-3-

confidential sources and information), and Section (7)(F) (relating to safety of law enforcement personnel) of the FOIA, and Exemption (j)(2) of the Privacy Act (relating to information compiled for purposes of law enforcement investigations). (*Id.* ¶ 30.) With respect to those two pages Petitioner appealed, but the DEA's determination to withhold the information in those two pages was affirmed by the Office of Information and Privacy. (*Id.* ¶ 33.) The two pages at issue relate to the identity and history of cooperation of an individual who has assisted DEA agents in several drug investigations. (*Id.* ¶ 36.) Based on the declaration submitted by the DEA, these exemptions appear to be have been appropriately asserted. *See, e.g., Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 780 (1989) (approving the use of Section 7(C) to refuse disclosing the name of a criminal suspect who is a private citizen); *Computer Prof'ls for Social Responsibilty,* 72 F.3d 897, 904 (D.C. Cir. 1996) (approving the application of Section 7(C) to protect informants, witnesses and potential criminal suspects whose names appear in law enforcement files); *U.S. Dept' of Justice v Landano,* 508 U.S. 165, 174 (1993) (approving the use of Section 7(D) to refuse disclosure of the identity of a confidential source); *Maroscia v. Levi,* 569 F.2d 1000, 1002 (7th Cir. 1977) (stating that "the identities of FBI and other law enforcement personnel fall clearly within the Exemption 7(F)"). These exemptions have not been disputed by petitioner. The DEA's determination that no intelligible information from these two pages could be segregated for release also appears reasonable. That determination has not been disputed by petitioner, either. Accordingly, the DEA is entitled to judgment as a matter of law.

-4-

A final order granting summary judgment for the defendant accompanies this memorandum opinion.

DATE: 5/23/08

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge